■ Richard C. Smith, Appellant, v Mary J. Smith, Respondent. — In a matrimonial action, plaintiff husband appeals from an order of the Supreme Court, Nassau County (Di Paola, J.), entered March 6, 1981, which *inter alia,* granted defendant's motion to punish him for contempt for willful failure to pay alimony in the amount of $925, but permitted him to purge himself by paying said sum to the defendant. Order modified by adding thereto a provision denying plaintiff's cross application to modify the divorce decree. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to purge himself of the contempt is extended until 10 days after service upon him of a copy of the order to be made hereon, with notice of entry. Defendant, the former wife of the plaintiff, moved by order to show cause to punish plaintiff for contempt for his willful nonpayment of alimony. Plaintiff opposed the motion, asserting that he was entitled to be relieved of alimony payments as defendant was habitually living with another man and holding herself out as his wife. By order dated December 9, 1980 (McGinity, J.), a hearing on the comtempt motion was directed, and the order further stated that "the allegations in the affidavits in defense of defendant's motion [will be treated] as an application to modify the original decree (§ 248 Domestic Relations Law)." Following a hearing, Special Term granted defendant's motion and denied plaintiff relief under section 248, but this denial was not specifically included in Special Term's order. Special Term properly found that the defendant was entitled to the alimony and that plaintiff should be adjudged in contempt until payment of the arrears. In order for plaintiff to be relieved of his obligation to pay alimony under section 248 of the Domestic Relations Law, it is not enough that he prove that his ex-wife is living with another man, but he must also prove

that the couple are holding themselves out as man and wife (*Northrup v Northrup,* 43 NY2d 566). Plaintiff failed to establish by the preponderance of the evidence such a holding out, as he was required to do (*Spillman v Spillman,* 67 AD2d 942, affd 49 NY2d 745). Although the determination of Special Term was correct, the order must be modified to reflect the fact that plaintiff's defense, deemed a cross application under section 248 of the Domestic Relations Law, is denied. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.