■ In the Matter of KAY C. COLLYER, Respondent-Appellant, v ROBERT B. PROPER, Appellant-Respondent. — Levine, J. Cross appeals from an order of the Family Court of Schoharie County (Fromer, J.), entered February 7, 1984, which, *inter alia,* denied petitioner's application for increased child support and denied respondent's cross petition to terminate alimony.

Petitioner and respondent were divorced in 1978. At that time, they entered into a stipulation which was incorporated in, but did not merge with, the decree of divorce. It provided that respondent would pay petitioner $16,000 per year in alimony and $2,000 per year in support for each minor child living with petitioner. The alimony payments would terminate upon petitioner's remarriage or if she entered into a relationship parallel to a marriage "within the meaning of the Domestic Relations Law".

In August 1982, the parties' youngest child, Tricia, then age 13, moved from her father's residence in New York to Florida to reside with petitioner. Petitioner then commenced the instant proceeding for increased child support. Respondent cross-moved, *inter alia,* for the termination of alimony payments to petitioner. Family Court denied both claims and these cross appeals ensued.

Family Court did not abuse its discretion in denying petitioner's claim for increased support payments. Such an increase is warranted, in the exercise of the court's discretion, only in cases where a petitioner can show a change in circumstances which justifies the modification in the best interest of the child (*Matter of Michaels v Michaels,* 56 NY2d 924, 926). Factors to be considered by Family Court in making its decision include increased need due to special circumstances or additional activities of the child, cost-of-living increases, and a change in a parent's financial situation (*Matter of Brescia v Fitts,* 56 NY2d 132, 141). In the instant proceeding, however, petitioner failed to show any change in Tricia's or her parents' circumstances sufficient to warrant an increase in the amount of child support. Although petitioner alleged that $2,000 per year was insufficient for Tricia's medical and educational needs, testimony at trial indicated that Tricia's medical expenses were paid by respondent. Trial testimony further disclosed that Tricia attended public school in Florida and that her only special needs were for athletic equipment relating to her participation on the school basketball team. However, there was no showing that Tricia's needs were not being adequately met by the current support payments. Accordingly, Family Court could reasonably find that no change of circumstances had occurred to warrant an increase in support payments.

Family Court also properly denied respondent's claim for a termination of alimony payments. Respondent based this demand on the language of the stipulation which provided that alimony payments would end upon petitioner's remarriage or her engaging in a relationship "parallel to a marriage" as defined by the Domestic Relations Law. Respondent argued that petitioner had been living with a man for three years and that this relationship was sufficiently similar to a marriage to disqualify her from receiving further alimony. A review of the language of the stipulation reveals that this contention lacks merit. It states that alimony was to end if petitioner lived in circumstances parallel to a marriage "within the meaning of the Domestic Relations Law". The only relevant section of that law is § 248, which empowers Family Court to annul the provisions for alimony in a divorce judgment where the recipient is "habitually living with another man and holding herself out as his wife, although not married to such man". The Court of Appeals has interpreted this section as requiring a showing not only of cohabitation, but also that the woman is holding herself out as the man's wife (*Northrup v Northrup,* 43 NY2d 566, 571). Types of conduct which might constitute such a representation include using the man's surname, e.g., on a joint checking account or in a mailing address, and/or obtaining a phone listing as the man's spouse (*supra*). However, the mere fact that the parties "conform to the life style of a married couple is not enough" (*supra,* p 572).

Here, while petitioner admittedly resides with a man, she does not hold herself out to be his wife. Petitioner testified that she maintains separate telephone and mailbox listings under her own name, has her own checking account and pays her share of the household expenses. It should also be noted that respondent had the burden of showing by a preponderance of the evidence that petitioner was holding herself out as another man's wife in order to have the alimony payments terminated (*see, Smith v Smith,* 88 AD2d 658, 659). Given the circumstances of petitioner's living arrangements, respondent failed to satisfy this requirement and his request for the termination of alimony was properly denied.

We also affirm Family Court's denial of respondent's request to alter the provisions of the stipulation by releasing him from the obligation to pay the mortgage, taxes and insurance on the former marital residence, which is now solely owned by petitioner. Family Court does not have the power to modify an agreement which, like the stipulation at issue here, did not merge with the divorce decree (*Kleila v Kleila,* 50 NY2d 277, 282). While the Supreme Court does have jurisdiction of such

matters, it will only modify such an agreement where inequitable conduct occurred at the time the agreement was entered into (*Christian v Christian*, 42 NY2d 63, 71-72). Neither party has made any allegation of such inequitable conduct here.

Finally, we note that while the stipulation provides for respondent to maintain $50,000 worth of life insurance for petitioner's benefit until their daughter's 18th birthday, the petition does not seek enforcement of that obligation, nor does the record establish nonperformance thereof. Consequently, Family Court's erroneous assumption, stated in its decision, that the stipulation contained no provision regarding life insurance is irrelevant for the purposes of this appeal.

Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.