OPINION OF THE COURT
Per Curiam.
Barbara and Paul Merl were married in June 1960 and had three children, who at the commencement of this proceeding in December 1982 were 22, 19 and 17 years old, respectively. The Merls separated in 1975. In January 1976 they executed a separation agreement that was incorporated into but not merged with the judgment of divorce thereafter obtained. The separation agreement was modified in March 1982, and, as modified, obligates defendant to pay child support of $110 per week per child and one half of each child’s college expenses and to continue health and life insurance coverage for the children’s benefit, until each child becomes emancipated. No argument is made that any of the children are emancipated. The agreement also obligates defendant to bequeath two thirds of his estate to the children. Barbara was given custody of the children with liberal visitation rights allowed Paul.
Barbara Merl has remarried and she and her children reside with her new husband, Ken Zimmerman. By motion made in the divorce proceeding, defendant sought a modification of the support obligations enuring to his two sons and the obligation to bequeath a part of his estate to them contending *362 that they have abandoned him by legally changing their surname to Zimmerman and refusing to visit with, speak to, or maintain any relationship with him. He attributes this change from what he describes as having been a "loving and caring relationship” to a pattern of behavior by plaintiff and her new husband designed to alienate the children from him and destroy his relationship with his sons.
Both Trial Term and a divided Appellate Division, in reliance on our holdings in Matter of Boden v Boden (42 NY2d 210) and Matter of Brescia v Fitts (56 NY2d 132), concluded that the sons’ action in changing their surname from Merl to Zimmerman constituted an unanticipated and unreasonable change in circumstances warranting a modification of the support provisions of the separation agreement. We now reverse.
The case law distinguishes between modification of a separation agreement and that of a divorce decree. A separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law (Kleila v Kleila, 50 NY2d 277, 283; Christian v Christian, 42 NY2d 63; Leffler v Leffler, 40 NY2d 1036, affg 50 AD2d 93; Goldman v Goldman, 282 NY 296, 300; Galusha v Galusha, 116 NY 635; Steers v Steers, 69 AD2d 858). Indeed, "courts of this State enjoy only limited authority to disturb the terms of a separation agreement” (Kleila v Kleila, 50 NY2d 272, 283, supra). We have, however, acknowledged a court’s power to modify decrees or orders in respect to child support provisions deriving from a separation agreement incorporated but not merged therein upon a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need (Matter of Boden v Boden, 42 NY2d 210, 213, supra; Matter of Brescia v Fitts, 56 NY2d 132, 138, supra).
The separation agreement here has neither been impeached nor challenged for any cause recognized by law (Christian v Christian, 42 NY2d 63, supra). Defendant’s request for modification of the support obligations is based on his sons’ legal change of their surname. That conduct is not a valid basis on which to make the modification as requested.
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant’s motion denied.
*363 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur in Per Curiam opinion; Judge Titone taking no part.
Order reversed, etc.