■ In the Matter of LINDA J. ROWLAND, Respondent, v ROBERT F. ROWLAND, Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 12, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to increase child support payments by respondent.

The parties were divorced in 1980. Their separation agreement as modified, which was neither incorporated nor merged in the judgment of divorce, provided that respondent would pay $50 per week for each of the parties' two children, a boy then about six years old and a girl then about eight years old. In 1987, Family Court issued an order which indicated that the divorce judgment had incorporated the parties' separation

agreement and permitted the parties to apply to Family Court for an order to the extent of its jurisdiction. Petitioner sought an increase in child support to $85 per week per child on the ground of change in circumstances due to the increased needs of the children as they become older and more active. Respondent moved to dismiss, which Family Court denied, referring the matter to a Hearing Examiner for determination. The Hearing Examiner increased respondent's child support payments to $85 per week per child upon a finding of the increased needs of the children and respondent's increased ability to pay. Respondent filed written objections, which Family Court dismissed for essentially the reasons posited by the Hearing Examiner. This appeal followed.

We reverse. Despite the parties' characterization of the separation agreement as having been incorporated and apparently merged into the divorce decree, the record reveals that the separation agreement specifically was neither incorporated nor merged into the divorce judgment. Family Court's 1987 order indicating otherwise cannot be binding on Supreme Court or, a fortiori, this court (see, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 411, at 16). Thus, the unmerged separation agreement continued as an independent contract binding on the parties subject only to legal challenges such as that it was unfair and inequitable when entered into or that an unreasonable and unanticipated change in circumstances had occurred (see, Merl v Merl, 67 NY2d 359; see also, Rainbow v Swisher, 72 NY2d 106, 109). The grounds advanced in support of upward modification do not fall within these categories. Thus, the order must be reversed and the petition dismissed.

Order reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.