■ In the Matter of RONALD W. TRIBLEY, Respondent, v KARLA J. TRIBLEY, Appellant.—Levine, J. Appeal from an order of the Family Court of Fulton County (Lomanto, J.), entered December 5, 1990, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior judgment awarding child support.

Petitioner and respondent were married in 1970 and have one son who is now age 17. In November 1988, the parties were divorced pursuant to a judgment which incorporated a prior stipulation of settlement entered into by the parties in open court in October 1988. The stipulation provided, *inter alia,* that petitioner would have physical custody of the parties' son and that respondent would pay child support in the amount of $25 per week.

In August 1989, petitioner made application to Family Court for an upward modification of respondent's child support obligation. Following a hearing, the Hearing Examiner determined that an increase in support to $65 per week was warranted by the increased expenses of the parties' teenaged son. Respondent then filed objections to the Hearing Examiner's decision and order. Family Court denied the objections and this appeal followed.

Initially, we note that there is nothing in the record to indicate that the increased expenses involved in raising the parties' teenaged son constituted a change of circumstances unanticipated by petitioner at the time he entered into the stipulation of settlement. In view of the foregoing, Family Court could not properly disregard the stipulation's child support provisions, which were incorporated but not merged into the judgment of divorce, in the absence of a showing that

petitioner, as the custodial parent, was unable to provide adequate support for the child *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 138-140). No such showing was made here.

The proof at the hearing established that the parties' incomes were relatively comparable and that neither party had experienced a significant change in financial position since the time of the divorce. Although petitioner testified that the child's expenses had increased by $40 per week due to his substantial growth and his increased social and athletic activities, petitioner failed to submit proof detailing the specific items of increased expense and demonstrating that the combination of his income and the current support payments made by respondent did not adequately meet the child's needs *(see, Matter of Collyer v Proper,* 109 AD2d 1010, *affd* 66 NY2d 382). Accordingly, Family Court's order directing respondent to increase her support payments to $65 per week should be reversed and the petition dismissed.

Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.