■ MAY MAY CHENG, Appellant, v THOMAS McMANUS, Re-

spondent.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Rockland County (Warren, J.), entered July 5, 1990, which, upon referral of the matter from Supreme Court, *inter alia*, denied plaintiff's cross motion to direct defendant to pay increased child support.

The primary question presented on this appeal is whether Family Court, in vacating a Hearing Examiner's decision to increase plaintiff's child support, properly found that plaintiff had failed to demonstrate an unanticipated and unreasonable change in circumstances coupled with a showing of need. We answer in the affirmative. A child support agreement arrived at by stipulation, which is incorporated but not merged into the divorce decree, should not be disturbed in the absence of a showing that the agreement was unfair or inequitable or that an "unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" *(Merl v Merl,* 67 NY2d 359, 362; *see, Matter of Boden v Boden,* 42 NY2d 210, 213; *Matter of Smith v Smith,* 159 AD2d 929, 929-930). Since this showing has not been made here, the order of Family Court denying plaintiff's cross motion to direct defendant to pay increased child support should be affirmed.

Plaintiff and defendant were married in 1972 and had two children, who were five and seven years old at the time the parents divorced in 1982. Pursuant to a stipulation placed upon the record in the divorce proceeding, it was agreed that plaintiff would have custody of the two children and defendant would pay plaintiff child support in the amount of $110 per week and have specified visitation time. Defendant moved in Supreme Court for an order of contempt against plaintiff for alleged breach of a 1986 court order regarding custody. Plaintiff cross-moved for, *inter alia*, an order to increase the child support payment. The matter was transferred to Family Court, which in turn referred the matter to a Hearing Examiner. The Hearing Examiner determined that an increase in child support from $110 to $230 per week was warranted by a change in circumstances. Defendant filed objections to the decision and plaintiff answered. Family Court vacated the Hearing Examiner's increase in child support and reinstated the support payment of $110 per week. This appeal by plaintiff ensued.

The record contains insufficient proof that the children's needs are not being met and that there has been an unanticipated and unreasonable change in circumstances since the

divorce. Although plaintiff has demonstrated that her costs for child care have increased and that defendant's salary has almost doubled since the divorce, she admits that defendant's insurance covered certain costs for the children and that her own salary had also increased since the divorce. Despite her claim of need, plaintiff was able to make contributions to a 401K plan of approximately 6% of her salary, and she also accepted $30 per week from the father of her third child even though the father earned in excess of $40,000 per year. Plaintiff also admitted that she had no difficulty in meeting all of her expenses prior to the birth of her third child. Moreover, defendant is not the father of her third child and is not responsible for her support. Clearly, the increased cost of providing for the two teenagers, coupled with defendant's salary increase, without more, are insufficient reasons to support an upward modification of child support (see, *Matter of Rowland v Rowland*, 151 AD2d 856, 857; see also, *Dworetsky v Dworetsky*, 152 AD2d 895).

Mahoney, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.