■ In the Matter of JANE L. BERNSTEIN, Respondent, v JEROME GOLDMAN, Appellant.—In a proceeding for the upward modification of an award of child support, the father appeals from an order of the Family Court, Nassau County (Capilli, J.), entered January 30, 1990, which denied his objections to so much of an order of the same court, dated October 31, 1989 (Griffin, H.E.), as, after a hearing, increased his weekly child support obligation from $80 per week to $130 per week.

Ordered that the order is reversed, on the law, with costs, the appellant's objections to the order of the Hearing Examiner are sustained, and the proceeding for upward modification of child support is dismissed.

In December 1981 the parties to this action, the parents of a child born on April 3, 1976, entered into an agreement whereby the appellant father agreed to contribute $80 per

week to the support of the child. This agreement was to survive and not be merged into a judgment of divorce entered on February 4, 1982.

In August 1989 the petitioner brought the instant proceeding for an upward modification of the child support obligation, claiming that the father's salary had doubled and the child's needs had increased. After a hearing, the Hearing Examiner found that the child's needs had increased $85 per week since the time the parties entered into the agreement and ordered the father to pay an additional $50 per week in child support.

The petitioner was required to demonstrate an unanticipated and unreasonable change in circumstances or that the agreement entered into by the parties was unfair when entered into (see, Matter of Boden v Boden, 42 NY2d 210), or that her income and the original child support award were insufficient to meet the child's present needs (see, Matter of Brescia v Fitts, 56 NY2d 132, 138-140). We find that under the facts of this case, the petitioner has failed, at this time, to meet this burden. The increased needs of the child cannot in this case be said to be unanticipated and unreasonable (see, May May Cheng v McManus, 178 AD2d 906; Matter of Tribley v Tribley, 178 AD2d 819; cf., Rough v Kandell, 135 AD2d 700). Also, although evidence was introduced to the effect that the father's salary had almost doubled since 1982, the petitioner's salary in 1989 was also twice as much as it was in 1982 (see, May May Cheng v McManus, supra), and her income together with the original child support are sufficient to meet the child's increased needs (cf., Matter of Brescia v Fitts, supra).

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.