■ GLORIA BREVETTI, Appellant, v LOUIS BREVETTI, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated July 20, 1981, the plaintiff wife appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 12, 1990, as (a) directed a hearing on certain branches of her motion which were, *inter alia,* for leave to enter a money judgment for arrears in child support and maintenance, and for an award of counsel fees, and on that branch of the defendant's cross motion which was for downward modification of the child support provisions of the judgment of divorce between the parties, and (b) denied that branch of her motion which was for an upward modification of the child support provisions, and (2) from an order of the same court, entered June 22, 1990, which granted the defendant's motion for a protective order precluding discovery of his financial circumstances prior to 1987, and discovery with respect to certain corporate and partnership assets.

Ordered that the appeal from so much of the order entered March 12, 1990, as directed a hearing on certain branches of the plaintiff's motion and on that branch of the defendant's

cross motion which was for downward modification of the child support provisions of the judgment of divorce between the parties, is dismissed, on the ground that an order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right (see, CPLR 5701 [a] [2]; *Moheban v Moheban,* 149 AD2d 488; *Serafimovs v Serafimovs,* 134 AD2d 422; *Palma v Palma,* 101 AD2d 812); and it is further,

Ordered that the order entered March 12, 1990, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered June 22, 1990, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On June 24, 1981, the parties to this action entered into a stipulation whereby the defendant father agreed to pay child support of $200 per month for each of his children, with child support for each child to continue until the child reached the age of 21 years or was sooner emancipated. The stipulation made no provision for any future private school or college expenses of the children. The parties were divorced by a judgment of the Supreme Court dated July 20, 1981, and the stipulation was incorporated but not merged in the judgment.

In 1987 the parties' son was enrolled in a private boarding school for his final two years of high school. He then entered college. The defendant paid for tuition, room, and board for the son's schooling. He also continued to pay all costs of the son's medical insurance and unreimbursed medical and dental expenses and some costs of his clothing, and he provided the son with an allowance. The plaintiff paid, *inter alia,* certain clothing and food costs for the son when he returned home for weekends, holidays, and vacations.

In November 1989 the plaintiff moved for an upward modification of child support. In her supporting papers on the motion, the plaintiff cited the son's increased needs, the increased costs of living, and the loss of her employment.

In order to satisfy her burden on the motion, the plaintiff was required to demonstrate an unanticipated and unreasonable change in circumstances, or that the agreement entered into by the parties was unfair when entered into (see, *Matter of Boden v Boden,* 42 NY2d 210), or that the child was not being adequately supported (see, *Matter of Brescia v Fitts,* 56 NY2d 132). We find that the plaintiff has failed to meet her burden under the facts of this case.

The increased educational needs of the child of well-educated parents, e.g., private school and college, cannot be said

to be unanticipated and unreasonable *(see, Matter of Bernstein v Goldman,* 180 AD2d 735; *May May Cheng v McManus,* 178 AD2d 906; *Matter of Tribley v Tribley,* 178 AD2d 819). Moreover, although evidence was introduced that the defendant's salary had increased since 1981, the courts generally do not modify an agreement with respect to child support based merely upon a parent's increased income and/or the increased needs of a growing child *(see, Matter of Bernstein v Goldman, supra; May May Cheng v McManus, supra).* Further, in view of the defendant's payments for the son's tuition and room and board, it cannot be said that the child is not being adequately supported *(see, Matter of Brescia v Fitts, supra).* Indeed, the plaintiff actually experienced a decrease in her costs for the parties' son during the time period in question, as he was residing away from home.

The court properly granted the defendant's motion for a protective order as to financial disclosure. The parties' dispute is over child support for the time period from 1987 onward. The order entered June 22, 1990, provides the plaintiff with sufficient information with respect to the defendant's financial circumstances during that period. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.