■ ROCHELLE H. KATZ, Appellant, v PAUL M. KATZ, Respondent.—Mahoney, J. Appeal from an order of the Supreme Court (Conway, J.), entered September 26, 1991 in Albany County, which, *inter alia,* denied plaintiff's motion for increased child support and maintenance.

On May 11, 1989, the parties entered into a stipulation on the record, the terms of which were incorporated but not merged into a judgment of divorce. Pursuant to the agreement, defendant was required to pay $655 per child per month for child support which was to be increased annually at "5 percent per year for purposes of covering the expected inflationary increases and expenses that [plaintiff] will incur on behalf of the children". The agreement further provided that in addition to the annual increase, during any year that defendant's gross income was larger than the income from the prior year, and to the extent that it was larger by more than 5%, the additional increase of gross income would be placed in a trust account for the children's college education. Defendant was also required to pay $1,300 per month for maintenance until May 11, 1994 and to pay the premiums for plaintiff's car insurance.

Just two years after the agreement was made, plaintiff moved, *inter alia,* to increase child support payments and maintenance, and to compel defendant to comply with the agreement's provision requiring payments for college expenses and car insurance premiums. Defendant opposed the motion and cross-moved pursuant to 22 NYCRR part 130 for costs. Supreme Court denied plaintiff's motion and defendant's cross motion, determining that the change in circumstances alleged by plaintiff did not warrant a modification. This appeal by plaintiff ensued.

There must be an affirmance. It is well established that while the courts have the power to modify decrees or orders which incorporate but do not merge the terms of a stipulation entered into in open court, exercise of that power is dependent upon satisfaction of certain evidentiary thresholds. To obtain modification of the maintenance provisions, the proponent must demonstrate the existence of extreme hardship (Domestic Relations Law § 236 [B] [9] [b]). To obtain modification of the child support provisions, the proponent must show that

the agreement was not fair when entered into, that an unanticipated and unreasonable change in circumstances has occurred resulting in concomitant need *(see, e.g., Matter of Boden v Boden,* 42 NY2d 210, 213; *Matter of Rowland v Rowland,* 151 AD2d 856, 857), or that the provisions are inadequate to meet the children's needs *(see, e.g., Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Tribley v Tribley,* 178 AD2d 819, 820). Here, the record simply fails to demonstrate that plaintiff, who is receiving $1,300 monthly in maintenance, is experiencing the sort of extreme hardship necessary to warrant modification. This is especially so because plaintiff's current unemployment, upon which she bases her request for upward modification, reflects no appreciable change in her circumstances as evidently she likewise was unemployed at the time she entered into the stipulation at issue.

Nor do we believe that plaintiff has demonstrated cause for modification of the child support provisions. She advances no contention that the agreement was unfair when entered into and, in our view, none of the proffered changes in circumstance, to wit, a daughter's development of asthma which requires medication, the children's attendance at counseling, summer camp or their travel schedule, rise to the level of being unanticipated or unreasonable. As plaintiff herself admits, the children had been to summer camp and had traveled frequently prior to the divorce. Accordingly, it cannot be said that the parties were not aware of these costs when they entered into the agreement, particularly because the agreement states that the parties have "considered all possible circumstances". The other expenses appear to be related to general increases due to the children's maturity or inflation which, standing alone, do not constitute unanticipated or unreasonable changes in circumstance *(cf., Matter of Rowland v Rowland, supra,* at 857). In this regard it is also not without significance that the agreement specifically provided for an inflation increase and stated that the parties "intend that the child support provisions herein not be modifiable". Finally, a review of the record fails to demonstrate that the current support payments made by defendant are inadequate to meet the children's needs.

We have reviewed plaintiff's remaining contentions and find them to be without merit. Defendant's obligation to make payments to a trust account for the children's college expenses was conditioned upon his income as reported on his Federal tax return increasing by over 5% from the previous year. This condition did not occur as the record indicates that defen-

dant's income has not increased, but rather has gone down. Further, while plaintiff averred that defendant failed to pay automobile insurance fees, the record belies that assertion because Supreme Court accepted defendant's canceled checks as proof of payment of that obligation. Finally, we decline to impose sanctions in this instance.

Mikoll, J. P., Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.