■ In the Matter of MARY ANN HEALEY, Appellant-Respondent, v RICHARD HEALEY, Respondent-Appellant.—Crew III, J. Cross appeals from an order of the Family Court of Saratoga County (Ferradino, J.), entered October 31, 1991, which, *inter alia,* partially granted respondent's cross petition, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties were married in September 1967 and have two

children, Anne and Michael.[1] In July 1983, the parties entered into an oral stipulation, incorporated but not merged into the judgment of divorce, setting forth, *inter alia,* respondent's child support obligation. In accordance with the stipulation, respondent was to pay petitioner child support in the amount of $225 per month per child until July 1, 1986 and, thereafter, $200 per month per child until each child reached age 18, at which time either party could petition for a modification of support if they could not mutually agree upon an amount. Petitioner thereafter commenced this modification proceeding and respondent cross-petitioned for similar relief. Following a hearing, the Hearing Examiner directed respondent to pay $200 per month in child support for Michael and college expenses for both children, including tuition, room, board, books and reasonable transportation expenses.[2] Petitioner's request for counsel fees was denied. Family Court affirmed the Hearing Examiner's decision and these cross appeals followed.

Initially, we reject petitioner's contention that respondent's actions following the divorce point to the existence of a novation. In order to demonstrate a novation, four elements must be present: "(1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract" *(Callanan Indus. v Micheli Contr. Corp.,* 124 AD2d 960, 961; *see,* 22 NY Jur 2d, Contracts, § 401, at 317-318). Contrary to petitioner's assertion, the mere fact that respondent voluntarily continued to make maintenance payments to petitioner for almost seven years after his obligation to do so ceased does not manifest a "clear and definite" intent to effect a novation *(see,* 22 NY Jur 2d, Contracts, § 406, at 321-322). Respondent testified that he provided petitioner with this additional sum because he thought that it was the "fair thing" to do and that his children would benefit as a result.

With respect to the award of child support, petitioner argues that the Hearing Examiner erred in determining that respondent was no longer obligated to pay child support for Anne. We cannot agree. Respondent is obligated to pay for Anne's tuition, room, board, books and reasonable travel

---

1. At the time of the hearing in October 1990, Anne and Michael were age 18 and 17, respectively, and Anne was attending college.

2. Although the Hearing Examiner's order does not include books in the list of college-related expenses payable by respondent, the order is deemed to incorporate the Hearing Examiner's decision in this regard, which directed respondent to pay for this expense *(see, Hollis v Hollis,* 188 AD2d 960, n 1).

expenses and apparently provides Anne with some clothing and spending money. In view of respondent's substantial obligations in this regard, we are unable to conclude that Family Court abused its discretion in upholding the Hearing Examiner's determination that no additional support award for Anne was warranted *(see, Smith v Smith,* 154 AD2d 365, 366; *cf., Matter of Kirschner v Kirschner,* 119 AD2d 962, 963).[3]

Petitioner further argues that the Hearing Examiner should have applied the Child Support Standards Act (hereinafter CSSA) in calculating the support award for Michael.[4] "In accordance with Family Court Act § 413 (1) (f), the court is required to order the noncustodial parent to pay his or her pro rata share of the basic child support obligation, unless the court determines that such share is unjust or inappropriate based upon a consideration of the 10 factors set forth therein" *(Matter of Holmes v Holmes,* 184 AD2d 185, 187). Here, the Hearing Examiner found that the CSSA should not be applied due to the disparity in the parties' income *(see,* Family Ct Act § 413 [1] [f] [1], [7]), and we are satisfied that the Hearing Examiner adequately articulated a basis for deviating from the statutory formula *(see, Bohnsack v Bohnsack,* 185 AD2d 533, 535; *cf., Matter of Kerr v Bell,* 178 AD2d 1, 4-5 ["Hearing Examiner did not specifically mention *any* of the statutorily required factors that must be considered"] [emphasis supplied]).

As for the actual amount of support awarded for Michael, it is well settled that where, as here, the parties entered into an agreement that was incorporated but not merged into the judgment of divorce, the party seeking the modification must demonstrate "an unanticipated and unreasonable change in circumstances, or that the agreement entered into by the parties was unfair when entered into * * * or that the child was not being adequately supported" *(Brevetti v Brevetti,* 182 AD2d 606, 607; *see, Matter of McMullen v Ambrosiani,* 189 AD2d 973, 974; *Katz v Katz,* 188 AD2d

---

3. As to the payment of Anne's educational expenses, respondent shall remit payment for tuition, room and board directly to the educational provider *(see,* Family Ct Act § 413 [1] [c] [7]), and payment for book and travel expenses to petitioner for Anne's benefit *(see, Markland v Markland,* 67 AD2d 940, *mod on other grounds* 48 NY2d 851; *Blauner v Blauner,* 60 AD2d 215, 218, *lv denied* 44 NY2d 648).

4. Presumably, Michael is now attending college and respondent has assumed responsibility for Michael's education costs. Absent such proof in the record, however, we are unable to modify respondent's support obligation in this regard.

827, 827-828; *Matter of Bernstein v Goldman,* 180 AD2d 735, 736). Petitioner has failed to present any evidence of fraud or overreaching and, therefore, the record does not support her claim that the agreement was unfair when entered into by the parties in 1983 *(see, Reed v Reed,* 180 AD2d 1006; *Paul v Paul,* 177 AD2d 901, 902, *lv denied* 79 NY2d 756). Petitioner does not contend that the support paid for Michael is inadequate and we would find such a claim meritless in any event. Finally, although respondent's income has increased since the divorce, as has the cost of providing Michael with skating lessons, "courts generally do not modify an agreement with respect to child support based merely upon a parent's increased income and/or the increased needs of a growing child" *(Brevetti v Brevetti, supra,* at 608; *see, May May Cheng v McManus,* 178 AD2d 906, 908). Accordingly, petitioner's application was properly denied.[5]

We have examined petitioner's remaining arguments and find them to be lacking in merit. We are also of the view that the Hearing Examiner did not abuse his discretion in denying petitioner's request for counsel fees.

Turning to respondent's cross appeal, respondent correctly notes that "absent a voluntary agreement between the parties regarding the financing of a minor child's college education, a parent may not be directed to contribute towards his child's college education unless special circumstances exist" *(Romansoff v Romansoff,* 167 AD2d 527). In determining whether special circumstances exist, courts should consider "(1) the educational background of the parents, (2) the child's academic ability, and (3) the parent's financial ability to provide the necessary funds" *(supra,* at 527; *see, Devenuti v Devenuti,* 170 AD2d 573). Here, although there was no express agreement compelling respondent to contribute to his children's college expenses, respondent concedes that "the parties intended to make some provision for [the children's] college education". Additionally, the record indicates that both parties are college graduates and that respondent possesses the financial ability to pay for his children's education. Under these circumstances, Family Court clearly did not abuse its discretion in upholding the Hearing Examiner's determination in this regard *(see, Devenuti v Devenuti, supra,* at 573-574; *Matter of Montagnino v Montagnino,* 163 AD2d 598, 599-600).

5. Although Michael is now over age 18, support payments shall be made to petitioner for his benefit *(see, Markland v Markland,* 67 AD2d 940, *supra; Blauner v Blauner,* 60 AD2d 215, 218, *supra).*

Finally, contrary to respondent's contention, although the children are entitled to 20% of the net proceeds from the sale of the marital residence, which apparently has not yet been accomplished, the parties' agreement does not expressly provide that the children must use these funds to defray the cost of their respective college educations. Respondent's remaining contentions have been examined and found to be lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing respondent to pay child support, including college expenses, in the manner set forth in this Court's decision, and, as so modified, affirmed.