■ In the Matter of PATRICIA BOUILLE, Respondent, v JOHN BOUILLE, Appellant. [596 NYS2d 524] —Casey, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered December 5, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties, who married in 1970 and have two children, were divorced in 1982 on the ground that they had lived separate and apart for the requisite period pursuant to a separation agreement (see, Domestic Relations Law § 170 [6]). The agreement was in fact a stipulation which the parties had entered into on the record in Family Court in February 1979 and was made a part of Family Court's order. The judgment of divorce provided that the agreement would survive the divorce and would not be merged or incorporated into the judgment.

In January 1991 petitioner commenced this proceeding seeking an upward modification of the child support that respondent was paying pursuant to the terms of the stipulation and an order directing respondent to pay a portion of the children's college education expenses. After a fact-finding hearing, the Hearing Examiner denied petitioner's request for an upward modification of child support and directed that respondent pay 50% of each child's college education expenses. After petitioner objected to the Hearing Examiner's findings, Family Court found a significant increase in the children's needs and that an upward modification of child support was warranted. In addition to modifying respondent's child support obligation, Family Court's order directs respondent to pay 50% of the children's college education expenses. On this appeal, respondent's only objection is that Family Court erred in failing to continue the child support obligation fixed by the parties' stipulation.

When the parties have entered into a separation agreement fixing child support which survives the judgment of divorce, the party seeking to modify the child support provisions bears the burden of proving that the agreement was unfair when

entered into or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant increased need *(Merl v Merl,* 67 NY2d 359, 362), or that the needs of the children are not being adequately met *(Matter of Tribley v Tribley,* 178 AD2d 819, 819-820; *see, Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). Petitioner argues that the stipulation was simply part of Family Court's prior order, subject to modification upon a change in circumstances, and was not a separation agreement. This argument is meritless, however, for it constitutes a collateral attack upon the judgment of divorce which established that the stipulation was the parties' separation agreement necessary for their conversion divorce *(see,* Domestic Relations Law § 170 [6]).

Based upon our review of the record, we find that petitioner failed to meet her burden of proof in seeking an upward modification of the child support provision of the separation agreement. There is no evidence that the agreement was not fair and equitable when made, and the increased needs of teenagers and inflation alone are insufficient to warrant an upward modification *(see, Katz v Katz,* 188 AD2d 827, 828; *Cheng v McManus,* 178 AD2d 906, 908). Family Court found that the needs of the children had increased significantly, but petitioner's evidence consisted largely of undocumented expense claims, many of which were merely estimates. The magnitude of the claimed expenses, coupled with the lack of documentation, casts considerable doubt upon the credibility of petitioner's claims. For example, petitioner claimed expenses in excess of $74,000 at a time when she was making approximately $30,500 after taxes. In another document, she claimed more than $69,000 in expenses and spendable income of approximately $32,000. Nevertheless, she had accumulated stocks, savings and an IRA, with a total value of approximately $40,000, and she had a second home from which she derived rental income. Simply put, the undocumented expenses claimed by petitioner are exorbitant and do not justify an upward modification of respondent's child support obligation.

Mikoll, J. P., Levine and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to respondent, by reversing so much thereof as granted petitioner's application for an upward modification of child support; respondent is directed to continue paying support in accordance with the directions contained in the Hearing Examiner's decision dated July 5, 1991; and, as so modified, affirmed.