■ In the Matter of WENDY LITCHFIELD, Appellant, v PIETER

V. C. LITCHFIELD, Respondent. [600 NYS2d 163] —Mikoll, J. P. Appeal from an order of the Family Court of Saratoga County (James, J.), entered August 18, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, seeking an upward modification of respondent's child support obligation.

Petitioner and respondent were married on July 21, 1973. Three children were born of the marriage, Gregory on February 12, 1978, Matthew on December 27, 1979 and William on July 1, 1981. The parties entered into a written separation agreement (hereinafter the agreement) in May 1982 covering, *inter alia,* child support and were divorced in August 1982. The agreement was incorporated but not merged into the divorce decree. Petitioner was represented by counsel during the separation and divorce proceedings.

Petitioner commenced this proceeding in August 1991 requesting an upward modification of respondent's child support obligation, contending that the children's needs had increased and that the increase constituted a change in circumstances warranting a modification of respondent's support payments. Following a fact-finding hearing, the Hearing Examiner concluded that the amount of support that respondent was paying was more than adequate to meet the children's requirements and that what petitioner actually was seeking was a reallocation of the support burden between petitioner and respondent. The Hearing Examiner then dismissed the petition. Family Court denied petitioner's objections to the Hearing Examiner's determination holding that the parties' separation agreement did not permit such a reallocation of the burden of support. This appeal ensued.

The primary question presented is whether Family Court properly held that an upward modification of child support was unwarranted. The answer is in the affirmative. The order of Family Court dismissing petitioner's application should therefore be affirmed.

Petitioner's contention that a sufficient basis for an upward modification of respondent's support obligation was established and is in the best interest of the children under the principles set forth in *Matter of Brescia v Fitts* (56 NY2d 132) is not persuasive. The party seeking to modify the child support provisions of a separation agreement which survives a judgment of divorce, thus remaining an independent contract *(see, Matter of Rowland v Rowland,* 151 AD2d 856), has the burden of proving that the agreement was unfair or inequitable

when entered into or that an unreasonable change in circumstances has occurred resulting in a concomitant increased need *(see, Merl v Merl,* 67 NY2d 359, 362; *Matter of Boden v Boden,* 42 NY2d 210, 213; *Matter of Healey v Healey,* 190 AD2d 965, 967) or that the needs of the children are not being adequately met *(see, Matter of Brescia v Fitts, supra,* at 139-140; *Matter of Bouille v Bouille,* 192 AD2d 802, 803). However, the children's right to receive adequate support cannot be evaded by an agreement that does not provide for such expenses *(see, e.g., Devenuti v Devenuti,* 170 AD2d 573; *Matter of Montagnino v Montagnino,* 163 AD2d 598, 599).

Examination of the instant record discloses that petitioner did not prove the occurrence of a significant change in circumstances warranting an increase or that the children's needs were not being adequately met *(see, e.g., Matter of Tribley v Tribley,* 178 AD2d 819, 820). The substantial increase in respondent's income and the increase in the children's food and recreational expenses are not sufficient to require a modification of the agreement *(see, Matter of Healey v Healey, supra,* at 968). Respondent testified that he pays petitioner $393 per week in child support, the children's health insurance expenses, and unreimbursed medical and dental expenses. He had a gross income of $176,939 in 1990. Respondent also gives the children an allowance and contributes $30,000 per year to trusts for them which were established by his father. Each trust had a market value of over $200,000 as of December 31, 1991. The children spend every other weekend, Wednesday nights and some portion of vacations with him. He stated that Gregory and Matthew have gone to camp, that he purchased "equipment" for them and a pair of shoes for Gregory for a special event. He also noted that petitioner contributed some items as well.

Petitioner's claims were "largely of undocumented expense claims, many of which were merely estimates" *(Matter of Bouille v Bouille, supra,* at 803) and were basically speculative, reflecting her desires, the magnitude of which, coupled with the lack of documentation, casts substantial doubt upon petitioner's credibility *(see, supra; see also, Matter of Wikoff v Whitney,* 179 AD2d 924, 925). Petitioner was not employed at the time of the hearing but was attending college and expected to graduate in July 1992 with a Bachelor's degree in accounting. She does not have a mortgage on her home. She had about $45,000 in the bank, $5,500 in a mutual fund, $33,500 in a certificate of deposit, plus interest and dividend income of about $7,400 annually. She testified that the funds

for all the purchases she makes for the children come from child support and that her money goes to her own support. While children are entitled to share their parent's economic status *(see, Gelb v Brown,* 163 AD2d 189, 191), there is insufficient proof that they have not done so here and in evaluating whether there has been any change in circumstances the findings of the Hearing Examiner and Family Court are to be accorded deference by this Court *(see, Matter of Miller v Davis,* 176 AD2d 945, 946; *Matter of Nankervis v Nankervis,* 174 AD2d 674).

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.