■ In the Matter of DEBRA J. STIMPSON, Respondent, v JEFFREY A. WISE, Appellant. [602 NYS2d 728] —Yesawich Jr., J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered August 27, 1992, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

Married in 1975, the parties have one child, Rebecca, born in 1977. In August 1978 the parties separated pursuant to a written agreement, which was incorporated but not merged into a divorce decree dated March 15, 1979; the agreement provided that petitioner was to receive $30 per week from respondent for Rebecca's support. This proceeding for an upward modification in child support was commenced in 1992. The petition alleges, without elaboration, that Rebecca's needs and the cost of providing for them have increased since the decree was entered and, accordingly, that support should be established pursuant to the Child Support Standards Act (Family Ct Act § 413).

Appearing before Family Court, respondent conceded that the cost of providing for Rebecca's needs had indeed increased but argued that the allegations of the petition, even if proven, are insufficient to justify the relief sought. Family Court, upholding the sufficiency of the petition, concluded, after simply examining the financial documents submitted by the parties, that the current level of support was inadequate to meet Rebecca's needs and, without more, ordered respondent to pay $213 every other week. Respondent appeals.

Because, as indicated on oral argument, neither party desires a further hearing before Family Court, and inasmuch as respondent does not contend that the evidence before the court was inadequate to support its finding that Rebecca's needs were not being met, the only issue to be resolved on this appeal is the legal sufficiency of the petition itself. In order to obtain a modification of child support provisions agreed to by both parties as part of a separation agreement which survives a judgment of divorce, the petitioning party must demonstrate either that the agreement was unfair or inequitable when entered into, that an unreasonable or unanticipated change in circumstances has occurred *(see, Merl v Merl,* 67 NY2d 359, 362), or that any change in circumstances has resulted in the inability of the custodial parent to provide adequate support for the child *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). The case of *Matter of Brescia v Fitts (supra,* at 141)

teaches that an upward modification may, in an appropriate instance, be based upon an increase in the child's needs, or an increased cost of living, "insofar as it results in greater expenses for the child", allegations made here by petitioner. Given that these allegations must be construed liberally *(see, Matter of Greenblatt v Van Deusen,* 87 AD2d 713, 714) and in view of the fact that the agreement, made some 15 years ago, provides for a constant, and relatively low, level of support, we find them sufficient to raise a question of fact as to whether the child's needs are being adequately met *(see, Hughes v Serviss,* 168 AD2d 541, 542; *cf., Matter of Wikoff v Whitney,* 179 AD2d 924, 925).

Weiss, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.