◼ In the Matter of ELLEN INGERSOLL, Respondent, v DAVID H. INGERSOLL, Appellant. [602 NYS2d 723] —Mikoll, J. Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered April 1, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties were married on March 7, 1969. Three children were born of their marriage: Max (born in 1970), Molly (born in 1976) and Meghan (born in 1978). The parties separated in May 1986 and executed a separation agreement (hereinafter the agreement) which provided, *inter alia,* for child support. Respondent was to pay petitioner $75 per week for each child until each child reached 21 years of age or became emancipated. An amended final judgment of divorce incorporating

but not merging the agreement was issued on September 9, 1989.

Petitioner commenced the instant proceeding for an increase in respondent's child support obligation, alleging that Max was in college and that respondent had sufficient assets to pay increased support. In July 1991 petitioner asked for additional support to help defer the cost of Max's education, asserting that she had unanticipated liabilities and submitting exhibits in support of her position.

A fact-finding hearing was held before a Hearing Examiner at which the parties and Max testified. Thereafter, the Hearing Examiner issued a written decision finding, *inter alia,* that Max had forfeited his right to seek increased support, that petitioner had established that respondent's current support payments were inadequate to meet Molly and Meghan's needs, that a "new balance should be struck" and, as a result, directed that respondent pay $135 per week per child. After due consideration, Family Court denied respondent's objections to the Hearing Examiner's decision.

The order of Family Court should be reversed and the petition dismissed. The Hearing Examiner "correctly articulated" the standard for modification of child support provisions of a separation agreement but erred in its application in this case. The record indicates that petitioner failed to present adequate proof that the agreement was not fair when entered into, that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need for an increase *(see, e.g., Matter of Boden v Boden,* 42 NY2d 210, 213; *Matter of Rowland v Rowland,* 151 AD2d 856, 857), or that the provisions are inadequate to meet the children's needs *(see, e.g., Matter of Brescia v Fitts,* 56 NY2d 132, 139-140; *Katz v Katz,* 188 AD2d 827, 828; *Matter of Tribley v Tribley,* 178 AD2d 819, 820).

There is insufficient evidence that the children's needs were not being met. Petitioner's conclusory testimony that due to inflation, the children's increased activities and her outstanding liabilities the current level of support was inadequate, does not satisfy her burden *(see, May May Cheng v McManus,* 178 AD2d 906, 907). Petitioner's financial difficulty appears to be due in large measure to expenses she incurred in assisting Max. Her "unanticipated" expenses, involving her property and Federal tax liabilities, resulted from the parties' settlement and are not properly characterized as "unanticipated". Existence of the property tax was known in advance and

waived by petitioner, and the Federal tax should have been anticipated. The Hearing Examiner attempted to strike a "new balance" between the parties rather than merely applying the terms of the agreement.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and petition dismissed.