■ In the Matter of PATRICIA S. DEMONT, Appellant-Respondent, v DAVID A. DEMONT, Respondent-Appellant. [607 NYS2d 437] —Weiss, J. Cross appeals from an order of the Family Court of Saratoga County (James, J.), entered July 24, 1992, which, *inter alia,* dismissed the parties' cross applications, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

Petitioner commenced this proceeding seeking an increase in child support for the parties' daughter, who was in her custody, from the sum of $200 a month as provided in the parties' 1982 separation agreement which survived their 1983 divorce judgment. Respondent filed a cross petition for support for the other child of the marriage, a son, who left petitioner's custody in 1989 to live with him. Family Court affirmed the findings and conclusions of the Hearing Examiner, made after a fact-finding hearing, and dismissed petitioner's petition, finding that she failed to show that the daughter's needs were not being met, and also denied her application for counsel

fees. Respondent's cross petition for child support for the son and for imposition of sanctions against petitioner was denied as well. Petitioner has appealed and respondent has cross-appealed.

Petitioner based her application upon the unanticipated expenses she incurred attributable to the daughter's obesity, which she contends requires annual expenditures of $3,640 for a weight loss program, $624 for a health club membership and $85 for each visit to a psychiatrist specializing in eating disorders. Petitioner claimed other expenses on behalf of the daughter which were neither anticipated nor provided for in the 1982 separation agreement, but conceded that certain anticipated expenses such as summer camp, lessons for karate, music and skiing, aggregating some $7,200 a year, no longer existed. The Hearing Examiner further found that petitioner, who was unemployed at the time of the separation agreement, had become a licensed real estate broker with annual earnings increasing up to over $64,800 in 1991, in addition to respondent's payment of $12,000 in maintenance and $2,400 in child support, plus regular gifts from a friend exceeding $4,000 in value each year. This aggregated over $80,000 for 1991 compared to her 1983 income of approximately $16,000 from all sources. The Hearing Examiner also found that respondent's income rose from approximately $80,-000 in 1982 to $109,002 in 1991 and that he failed to demonstrate a need for child support for the son.

Modification of the child support provisions in a mutually agreed to separation agreement which survives a judgment of divorce requires proof either that the agreement was unfair or inequitable when made, that an unanticipated or unreasonable change in circumstances has occurred (see, Merl v Merl, 67 NY2d 359, 362; Matter of Boden v Boden, 42 NY2d 210, 213; Matter of Clark v Clark, 198 AD2d 599, 600; Matter of Stimpson v Wise, 197 AD2d 762), or that the custodial parent is unable to meet the needs of or provide adequate support for the child (see, Matter of Brescia v Fitts, 56 NY2d 132, 139-140; Matter of Ingersoll v Ingersoll, 197 AD2d 769, 770; Matter of Bouille v Bouille, 192 AD2d 802, 803). We further note that courts will generally not grant upward modification of provisions for child support based merely upon the increased income of a noncustodial parent and/or the increased needs of a growing child (see, e.g., Matter of Healey v Healey, 190 AD2d 965, 968; Brevetti v Brevetti, 182 AD2d 606, 608; Matter of Bernstein v Goldman, 180 AD2d 735; May May Cheng v McManus, 178 AD2d 906).

We find that the record in this case fails to support petitioner's contentions of entitlement to upward modification, nor has she demonstrated her inability to pay her own counsel fees *(see, Matter of Tringali v Pirri,* 193 AD2d 807, 807-808; *Wacholder v Wacholder,* 188 AD2d 130, 137). We further find that there has been no demonstration that Family Court abused its discretion in failing to grant respondent's petition for support for the son or for the imposition of sanctions against either party. We have examined the parties' remaining contentions and find them to lack merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.