■ In the Matter of BARBARA A. DEANGELO, Appellant, v STEPHEN D. DOHERTY, Respondent. [617 NYS2d 207] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered December 11, 1992, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties were married in July 1971 and have two children, Colleen, born in 1973, and Brian, born in 1977. In September 1980 the parties separated pursuant to a written agreement which provided that, in the event of petitioner's remarriage, respondent would pay $35 per week per child ($140 biweekly) for support until each child attains the age of 21. The agreement, which was subsequently confirmed as a support order in October 1980, also required respondent to maintain existing health insurance coverage for the children while they were eligible for support.

In 1992, petitioner commenced this proceeding seeking to modify the child support provisions in the agreement by application of the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413) and requesting further orders directing respondent to pay 50% of the children's uninsured medical and dental expenses and to contribute toward their college expenses.

Testimony at the hearing revealed that Colleen, age 18, who worked part-time and earned $88 per week, was enrolled in her first semester of community college at a cost of $828 per semester. Additionally, when Colleen turned 19 years old she would no longer be fully covered under petitioner's medical plan without additional payments, although Colleen and her brother would continue to be covered under respondent's plan. Brian, age 15, needed a replacement hearing aid costing $750 and approximately $3,800 in orthodontic work. Petitioner acknowledged that she would be reimbursed an undetermined amount of these expenses after she submitted the bills to her

insurance plan, her present husband's insurance and finally respondent's plan. Petitioner admitted that during the entire period respondent had paid his biweekly support obligation she had never opted to submit medical bills to respondent's plan because she did not need to use it. Following the divorce, both parties remarried. Each of their spouses are employed. Petitioner earns approximately $27,000 per year (a 33% increase since 1980) and her husband earns $50,000. Respondent earns approximately $39,700 per year (a 56% increase since 1980) and his wife earns $34,000. Petitioner and her present husband have no children. Respondent and his present wife have three children.

Finding that the children were 12 years older and that their expenses had "obviously increased", the Hearing Examiner modified the agreement by requiring respondent to pay $140 per week in child support* and 60% of the children's uncovered health expenses. Respondent filed objections to this determination. Family Court vacated the Hearing Examiner's order and continued respondent's 1980 support order, determining that petitioner failed to show that her children's reasonable needs were not being met and that the parties' previously allocated support burden was unfair. Petitioner appeals.

It is settled law that where a separation agreement survives the divorce, a party seeking to modify child support provisions must demonstrate: "either that the agreement was unfair or inequitable when made, that an unanticipated or unreasonable change in circumstances has occurred *(see, Merl v Merl,* 67 NY2d 359, 362; *Matter of Boden v Boden,* 42 NY2d 210, 213; *Matter of Clark v Clark,* 198 AD2d 599, 600; *Matter of Stimpson v Wise,* 197 AD2d 762), or that the custodial parent is unable to meet the needs of or provide adequate support for the child *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 139-140; *Matter of Ingersoll v Ingersoll,* 197 AD2d 769, 770; *Matter of Bouille v Bouille,* 192 AD2d 802, 803)" *(Matter of Demont v Demont,* 200 AD2d 920, 921).

Petitioner argues that Family Court improperly applied this legal standard because by stipulation, their agreement only required proof of a change in circumstances. In support of her claim, petitioner points to the clause in their agreement which states: "It is understood by the parties that the amount of

---

* The Hearing Examiner did not consider the $176 per week amount arrived at by applying the CSSA to be appropriate in this case in light of respondent's concurrent obligation to provide support for the three children born of his second marriage *(see,* Family Ct Act § 413 [1] [f] [8], [10]).

child support shall be subject to and continue to be subject to *any change of circumstances,* and if the parties are unable to agree on a modification, the Family Court * * * shall determine the fair amount of child support" (emphasis supplied).

Because the children's personal right to receive adequate support is not adversely affected, we agree with petitioner that she and respondent could effectively stipulate away *(cf., Matter of Canabush v Wancewicz,* 193 AD2d 260, 262) the "unanticipated or unreasonable change in circumstances" standard as the basis for determining future applications between them seeking to modify support. On this point, however, we must look at the entire agreement and petitioner overlooks a significant clause in the agreement which states: "[Petitioner] recognizes and acknowledges that all the provisions of this agreement * * * for the support, maintenance and education of the children are satisfactory, and that they are reasonable and adequate for their support and maintenance, past, present, and *future,* and in keeping with their accustomed mode of living, reasonable requirements, and station in life. [Petitioner] accordingly releases and discharges [respondent], absolutely and forever, for the rest of her life from any and all claims and demands, past, present, or *future,* for alimony or for any other provision for the support, maintenance and education of herself and the children, except as contained in this agreement" (emphasis supplied).

As this clause makes clear, the parties considered and anticipated all normal circumstances for the children's support, education and welfare at the time of the agreement; therefore, it could only be unanticipated events that could constitute a "change of circumstances" under the agreement. Viewed in this context, petitioner's proof distills to a showing of respondent's increased income and the increased needs of the parties' growing children, factors which, standing alone, are generally insufficient to support an upward modification of support *(see, e.g., Demont v Demont, supra,* at 921; *Matter of Healey v Healey,* 190 AD2d 965, 968; *Brevetti v Brevetti,* 182 AD2d 606, 608; *Matter of Bernstein v Goldman,* 180 AD2d 735, 736; *May May Cheng v McManus,* 178 AD2d 906, 908). Furthermore, petitioner's claim that the children's uninsured medical costs have constituted an unanticipated change of circumstance is largely speculative since it is not known how much of these expenses will be paid by respondent's insurance. We do not modify support obligations based on information gained through conjecture *(see, e.g., Matter of Healey v Healey, supra,* at 967, n 4).

Accordingly, we find that Family Court did not abuse its discretion in vacating the Hearing Examiner's support order and dismissing the petition.

Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.