■ In the Matter of CAROL SOUTHARD, Respondent, v JAMES SOUTHARD, JR., Appellant. [643 NYS2d 195] —In a proceeding pur-

suant to Family Court Act article 4 for an upward modification of child support, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), dated May 16, 1995, which denied his objections to an order of the same court (Buse, H.E.), entered August 5, 1994, which, after a hearing, increased his weekly obligation for child support from the sum of $20 to the sum of $65, retroactive to September 24, 1992.

Ordered that the order is affirmed, with costs.

The father acknowledges that at the time his child support obligation for the parties' two children was set in the parties' separation agreement, he was earning approximately $22,000 per year. At the same time, the mother was unemployed and collecting unemployment insurance in the amount of $71 per week. As such, the mother is entitled to an upward modification of child support because the father's $20 weekly obligation for child support was unfair and inequitable when entered into by the parties (see generally, Merl v Merl, 67 NY2d 359, 362; Matter of Boden v Boden, 42 NY2d 210, 213; Matter of Halliday v Tadded, 223 AD2d 542).

We have examined the father's contentions and find them to be without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.