[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON COURT MOTION FILE NO. 125
This matter comes before the court on defendant husband's motion for an award of child support. The original judgment of dissolution was entered in the State of New York and physical custody of the minor child, now eleven (11) years old, was given to the father in accordance with the stipulation of the parties.
The New York judgment provided in pertinent part:
 ORDERED and ADJUDGED that the Defendant shall pay to the Plaintiff . . . the sum of Fifty Dollars ($50.00) per month for the support of the child; and it is further
 ORDERED and ADJUDGED that the Separation Agreement entered into between the parties on the 28th day of February, 1989, a copy of which is on file with the Court, as amended on March 12, 1990, shall survive and shall not be merged in this Judgment[.] . . .
There are three issues which this court must consider: (1) does New York law apply to this court's interpretation of the judgment; (2) what is the correct standard for modifying the child support; and (3) do New York's child support guidelines, as amended, apply.
The court concludes that (1) New York law does apply; (2) the standard is that the movant must demonstrate unanticipated and unreasonable changes in circumstances; and (3) the New York child guidelines apply.
Applicable Law — Neither of the parties dispute that the court must apply New York State law pursuant to Connecticut General Statute 46b-71 (b) which provides as follows:
 [A] foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state; provided such foreign matrimonial judgment CT Page 8187 does not contravene the public policy of the state of Connecticut . . . . [I]n modifying, altering, amending, setting aside, vacating, staying or suspending any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling.
In the present case, therefore, the controlling substantive law is that of the New York law of domestic relations. See Evansv. Evans, 35 Conn. App. 246, 248-49 (1994); Burton v. Burton,189 Conn. 129 (1983).
Applicable Standard — The plaintiff argues that because the separation agreement survived and was not merged in the judgment, under New York law, the movant must demonstrate unanticipated and unreasonable changes in circumstances. The defendant, on the other hand, opines that a change of circumstance is all that must be demonstrated. The court agrees with the plaintiff. Under New York law, the court may modify the child support provisions of a separation agreement only if the movant shows an unanticipated and unreasonable change in circumstances. Boden v. Boden,42 N.Y.2d 210, 212-13 (1977). Because the child support obligations result from a contractual agreement of the parties, the court should not freely disregard the provision. Where, however, the child support provisions, established by agreement, are merged with the judgment, the agreement retains no contractual significance. Minarovich v. Sobala, 121 App.Div.2d 701, 702
(1986). Therefore, where child support provisions are merged with the judgment, the court retains jurisdiction to modify the child support obligations in light of changed circumstances. Wlodarekv. Wlodarek, 78 App.Div.2d 981 (1980). The movant is not required to comply with Boden, supra, and, thus, need not demonstrate unanticipated and unreasonable changes in circumstances.
In Evans, supra, the child support provisions of the agreement merged with the judgment, thus the movant "was not required to allege or prove that the changes in circumstance giving rise to her motion were unanticipated and unreasonable at the time of the dissolution. defendant [movant] was required only to demonstrate changes in circumstance sufficient to warrant modification. Rogers v. Bittner, 181 App.Div.2d 990, 991
(1992); Minarovich, supra; Wlodarek, supra." (Citations omitted.)
This matter is distinguishable from Evans in that there was CT Page 8188 no merger of the separation agreement with the judgment. The standard which this court must utilize is that used in Boden,
supra, i.e., unanticipated and unreasonable change in circumstance.
Defendant's reliance on the Evans case is misplaced and unavailing. He opines that the primary similarity and pivotal factor is the tripling of the income of the payor which, in turn, caused the court to modify the child support. This, however, is an oversimplification of the facts. The Evans court looked not only at the income increase, but also, in the disparity of income and the resulting inequity to the children.
In summary, New York law provides "where a separation agreement survives the divorce, a party seeking to modify child support provisions must demonstrate either that the agreement was unfair or inequitable when made, that an unanticipated or unreasonable change in circumstance has occurred (see, Merl v.Merl, 67 N.Y.2d 359, 362, [502 N.Y.S.2d 712, 493 N.E.2d 936]Matter of Boden v. Boden, 42 N.Y.2d 210, 213 [397 N.Y.S.2d 701,366 N.E.2d 791]; Matter of Clark v. Clark, 198 App.Div.2d 599, 600
[603 N.Y.S.2d 245]; Matter of Stimpson v. Wise, 197 App.Div.2d 762
[602 N.Y.S.2d 728]), or that the custodial parent is unable to meet the needs of or provide adequate support for the child (see,Matter of Brescia v. Fitts, 56 N.Y.2d 132, 139-140 [451 N.Y.S.2d 68,436 N.E.2d 518]; Matter of Ingersoll v. Ingersoll, 197 App.Div.2d 769,770 [602 N.Y.S.2d 723]; Matter of Bouille, 192 App.Div.2d 802,803 [596 N.Y.S.2d 524] . . . ." (Citation omitted.) DeAngelo v.Doherty, 617 N.Y.S.2d 207, 208 App.Div.2d 1012 (1994).
In addition to arguing that the doubling of the plaintiff's income constitutes an unanticipated change in the circumstance, the defendant argues that under the present custody arrangement where the child resides with the mother every other weekend and on certain holidays and vacations, the mother's time with the child is substantially reduced thereby creating another change in circumstances. Contrary to the defendant's argument, "courts will generally not grant upward modification of provisions for child support based merely upon increased income of a noncustodial parent and/or the increased needs of a growing child (see, e.g.,Matter of Healy v. Healy, 190 App.Div.2d 965, 968, 594 N.Y.S.2d 90;Brevetti v. Brevetti 198 App.Div.2d 606, 608, 581 N.Y.S.2d 859;Matter of Bernstein v. Goldman, 180 App.Div.2d 735, 580 N.Y.S.2d 371;May May Cheng v. McManus, 178 App.Div.2d 906, 577 N.Y.S.2d 944)."Demont v. Demont, 607 N.Y.S.2d 438, 438 (1994). CT Page 8189
In the instant case, the plaintiff's income has increased from $40,000 per year to approximately $100,000 per year. She is presently not paying any court ordered child support. There would clearly be an inequity to the child if there were no court order to pay child support given the substantial salary of the mother. The court further finds that the substantial increase in the income of the mother constitutes an unanticipated and unreasonable change in circumstances, thus permitting the court to order child support payments.
Guidelines to be Applied — The separation agreement between the parties was entered into on February 28, 1989, and the standards, Domestic Relations Law § 240 went into effect on September 15, 1989. The judgment awarding child support, however, was entered on July 16, 1990. The parties did not provide the court with the separation agreement and the court cannot, therefore, determine whether child support was addressed in the agreement.[1] This is critical because of the fact that under New York law, the concept of merger comes into play. As previously stated, the separation agreement in the present case survived and did not merge with the judgment.
The plaintiff argues that New York's Child Support Standards are not retrospective and because the separation agreement between the parties was entered into prior to the effective date of the standards, these standards do not apply.
Contrary to the plaintiff's assertion, Domestic Relations Law § 240 can be applied retroactively. See Pullman v. Pullman,573 N.Y.S.2d 690, 692 (1991), which indicated that the Child Support Standards Act is applicable to actions commenced prior to the effective date of the law but not finally resolved. In the present case, although the separation agreement predates the Act, the court is of the opinion that child support was not finally resolved until it became an order of the court, i.e., the date of judgment. That date, July 16, 1990, follows the date of the enactment of the Act. Further, the separation agreement was amended post the guidelines, and, therefore, the guidelines would apply. Finally, given the public policy pronouncements of New York and Connecticut, the failure of the merger should not act to defeat the provisions of existing law.
The defendant's computations of the child support to be paid by the wife are incorrect in that they fail to take into account CT Page 8190 the percentage of income of both of the parents. The total amount of child support based on an $80,000 cap is $262 per week which must be prorated between the parents. The plaintiff's share is 45 percent or $118 per week. So ordered.
Mihalakos, J.