■ BRENDA PFENNIG (SICHLING), Respondent, v DEAN A. PFENNIG, Appellant. [732 NYS2d 50] —In a matrimonial action in which the parties were divorced by judgment entered December 9, 1983, the defendant appeals from (1) so much of an order of the Supreme Court, Westchester County (LaCava, J.), dated August 24, 2000, as granted that branch of the plaintiff's motion which was to recover arrears of unpaid child support in the sum of $22,500 and denied his cross motion to recover

excess payments for college costs, and (2) so much of an order of the same court, dated November 13, 2000, as, upon reargument, directed a hearing on that branch of the plaintiff's motion which was for an award of an attorney's fee.

Ordered that the appeal from the order dated November 13, 2000, is dismissed, without costs or disbursements, as no appeal lies as of right from an order that directs a hearing to aid in the determination of a motion (see, Brevetti v Brevetti, 182 AD2d 606; Palma v Palma, 101 AD2d 812); and it is further,

Ordered that the order dated August 24, 2000, is modified by deleting the provision thereof denying that branch of the cross motion which was to recover excess payments for college expenses and substituting therefor a provision granting the cross motion to the extent of awarding the defendant the sum of $1,321.67; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the separation agreement did not limit his obligation to make child support payments for his daughter until she reached the age of 18. The agreement provided that he pay child support for the parties' daughter "until the attainment of majority." The agreement did not define the age of majority as 18 and there is no evidence that the parties intended to reduce the defendant's statutory obligation to make these payments until the age of 21 (see, Family Ct Act § 413). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to recover unpaid child support in the sum of $22,500.

The Supreme Court erred, however, in denying the defendant's cross motion to recover excess payments for college expenses. In addition to child support, the separation agreement provided that the defendant pay the daughter's college expenses. The total cost of these expenses was $35,160.13. The defendant paid $36,481.80. Thus, the defendant is entitled to recover his excess payment of $1,321.67. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.