■ VIRGINIA ALBIZU, Respondent, v JOSE DUVAL, Appellant. [871 NYS2d 18]—

These awards represented, respectively, the accelerated balance of plaintiff wife's equitable distribution based on the value of her husband's dental license, and her counsel fees in connection with enforcement proceedings. Defendant failed to demonstrate grounds to warrant setting aside or modifying the equitable distribution provisions of the parties' separation agreement, which were incorporated by reference but not merged with the divorce decree (*see Merl v Merl*, 67 NY2d 359 [1986]). The parties expressly stipulated that they accepted the valuation opinion of the court-appointed neutral forensic accountant, acknowledged the findings in the accountant's report as true and binding, and accepted them for equitable distribution purposes. Contrary to defendant's assertion, his student loans were taken into account in the valuation process. The total

amount of the loans was deducted from the gross valuation in the accountant's report, resulting in an adjusted enhanced earning capacity value of $672,200. The parties further agreed that 75% of this figure was the appropriate value of the marital asset to be divided, of which $252,075 represented plaintiff's 50% share. The incorporation of the agreement by reference in the final judgment of divorce makes it binding on the parties.

The accountant's valuation was anything but "speculative." The value of a newly earned license may be measured by comparing the average lifetime income of a college graduate with the average lifetime earnings of a person holding such a license, and reducing the difference to its present value (*see McSparron v McSparron*, 87 NY2d 275, 286 [1995]). There was no legal basis for modifying or setting aside the equitable distribution.

Counsel fees were properly awarded under the terms of the separation agreement. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.