■ MARGARET TOLKSDORF, Respondent, v KURT TOLKSDORF, Appellant. — In an action pursuant to section 170-a of the Domestic Relations Law, defendant appeals from an order of the Supreme Court, Westchester County (Dickinson, J.), dated August 9, 1983, which granted plaintiff's motion for summary judgment on the issue of liability and directed an assessment to determine the amount of damages.

Order affirmed, with costs.

Plaintiff and defendant were married on July 8, 1939. On March 26, 1962, the parties entered into a duly executed separation agreement. Defendant husband commenced an action against plaintiff for divorce in or about July, 1979 upon the ground that they had lived separate and apart for a period in excess of one year pursuant to the written agreement of separation (Domestic Relations Law, § 170, subd [6]). The action resulted in a final judgment of divorce entered in favor of defendant.

Pursuant to subdivision a of section 170-a of the Domestic Relations Law, plaintiff now seeks to recover an "amount equivalent to the value of any economic and property rights" of which she was deprived by virtue of the conversion divorce. Plaintiff's motion for summary judgment was granted on the issue of liability and an assessment to determine the amount of damages was directed.

The uncontrovertible facts establish full compliance with the criteria which entitle one to recover under section 170-a of the Domestic Relations Law (see *Alexander v Alexander,* 76 AD2d 821). The affirmative defenses raised by defendant in his verified answer present no triable issue of fact. Virtually the same defenses were raised in a prior motion to dismiss and were specifically rejected as lacking in merit. The order denying this prior motion was unanimously affirmed by this court (*Tolksdorf v Tolksdorf,* 88 AD2d 796). Thus, the determinations then made became the "law of the case" so as to preclude relitigation (see *Martin v City of Cohoes,* 37 NY2d 162, 165; *Matter of Yeampierre v Gutman,* 57 AD2d 898, 899).

Summary judgment as to the issue of liability was properly granted since defendant only supported his assertion that the separation agreement included a waiver by the defendant from

bringing an action pursuant to section 170-a of the Domestic Relations Law with legal conclusions in the form of an interpretation of the agreement which had already been construed by Special Term as a matter of law (see *Dabney v Ayre,* 87 AD2d 957). In any event, we find that the separation agreement did not include a waiver because the right to bring such an action did not exist at the date the separation agreement was entered into (see *Coffman v Coffman,* 60 AD2d 181).

The facts of the within case are indistinguishable from *Coffman v Coffman* (*supra*). We find that the plaintiff has preserved her rights as contemplated by the statute and, therefore, there is no triable issue of fact. Even if there is a dispute as to the deprivation suffered by the plaintiff, it would have no bearing on this motion for partial summary judgment as to liability only. The defendant will have a full and fair opportunity to be heard at the assessment which has been ordered as to the value of the economic and property rights of which plaintiff was deprived. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.