■ Norman B., Respondent-Appellant, v Joette B., Appellant-Respondent. [644 NYS2d 807] —In a matrimonial action in which the parties were divorced by a judgment dated May 6, 1987, (1) the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated August 29, 1994, as, after a hearing, (a) failed to apply the basic formula provided in the Child Support Standards Act when granting her motion for upward modification of child support, and (b) denied her application for attorney's fees, and (2) the plaintiff former husband cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the defendant former's wife's motion which was for upward modification of child support, (b) ordered him to pay the defendant former wife $21,163 in child support arrears, (c) denied his cross motion for downward modification of child support, (d) enjoined him from withdrawing funds from his 401(k) retirement plan, and (e) failed to enforce the visitation provision contained in the judgment of divorce.

Ordered that the order is modified by (1) deleting the provision thereof granting the defendant former wife's motion for upward modification of child support and substituting therefor a provision denying the motion, and (2) deleting the provision thereof ordering the plaintiff former husband to pay child support arrears of $21,163 and substituting therefor a provision ordering the plaintiff former husband to pay child support arrears of $14,316.76; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties' judgment of divorce incorporated, but did not

merge with, a stipulation of settlement between the parties which provided, *inter alia,* that the plaintiff former husband would pay the defendant former wife $15,000 per year in child support ($5,000 for each of the parties' three children) in semimonthly installments of $625. The yearly payment for child support was inclusive of all of the plaintiff's obligations for the support of the children, including education, and terminated upon each child's emancipation. In September 1992 the defendant brought the instant application seeking upward modification of the plaintiff's child support obligation due to the children's increased needs. In particular, the defendant asserted that the cost of the children's education had increased because two children were enrolled in college and the third was enrolled in a private high school.

A child support agreement arrived at pursuant to a stipulation of settlement, incorporated but not merged into the divorce decree, should not be disturbed absent a showing that the agreement was unfair or inequitable at the time that it was made, that an "unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362; *Matter of Boden v Boden,* 42 NY2d 210, 213), or that the children were not being adequately supported (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 139-140; *Patten v Patten,* 203 AD2d 441, 443). The parties do not dispute that the stipulation was fair and equitable when entered into. In seeking increased child support from the plaintiff, the defendant is essentially asserting her own interest in having the plaintiff contribute more to the children's education than is provided for in the parties' stipulation. In order to satisfy her burden, therefore, the defendant is required to demonstrate that the increased cost of the children's education was an unanticipated and unreasonable change in circumstances (*see, Matter of Brescia v Fitts, supra,* at 139). We find that the defendant failed to meet her burden.

Where, as here, the parties have included child support provisions in their stipulation, it is presumed that they "anticipated the future needs of the child[ren] and adequately provided for them" (*Matter of Boden v Boden, supra,* at 213). The parties' stipulation specifically provided that the plaintiff's child support obligations included the children's education. Considering the age of the children at the time of the parties' divorce, the fact that the parties' oldest child was attending a private high school, and that the parties are well-educated, the increased educational needs of the children cannot be said to be unanticipated and unreasonable (*see, Matter of Boden v*

*Boden, supra; Matter of DeAngelo v Doherty,* 208 AD2d 1012; *Katz v Katz,* 125 AD2d 549; *see also, Brevetti v Brevetti,* 182 AD2d 606). Therefore, the defendant's motion for upward modification of child support is denied.

Because the Supreme Court increased the plaintiff's child support obligations, and calculated the plaintiff's arrears for the period from September 2, 1992, to July 31, 1994, based on the new figure, the arrears must be reduced. Applying the original annual figure of $5,000 per child, and taking into consideration that one child was emancipated on May 27, 1993, the plaintiff's arrears are reduced to $14,316.76, after deducting the $3,600 previously paid by the plaintiff.

The Supreme Court's denial of the defendant's application for attorney's fees was not an improvident exercise of discretion (*see,* Domestic Relations Law § 237 [b]).

We have reviewed the parties' remaining contentions on the appeal and cross appeal and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.