■ NANCY W. RICH, Appellant, v DOUGLAS S. RICH, Respondent. [651 NYS2d 107] —In a matrimonial action in which the parties were divorced by judgment entered October 20, 1988, the plaintiff former wife appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated January 12, 1996, which, after a hearing, denied her motion, inter alia, for an upward modification of child support. Justice Thompson has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

A child support agreement arrived at pursuant to a stipulation of settlement or a separation agreement, which is incorporated but not merged into the divorce decree, should not be disturbed absent a showing that the agreement was unfair or inequitable at the time that it was made, that an "unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (Merl v Merl, 67 NY2d 359, 362; Matter of Boden v Boden, 42 NY2d 210, 213; Norman B. v Joette B., 229 AD2d 412), or that the child's right to receive adequate support is not being met (see, Norman B. v Joette B., supra; Matter of Brescia v Fitts, 56 NY2d 132, 139-140; Patten v Patten, 203 AD2d 441, 443; Belkin v Belkin, 193 AD2d 573, 574). The parties do not dispute that the stipulation was fair and equitable when entered into. In seeking increased child support from the former husband, the former wife was essentially asserting her own interest in having the former husband contribute more to the children's needs than is provided for in the parties' stipulation. In order to satisfy her burden, therefore, the former wife was required to demonstrate that the increased costs were an unanticipated and unreasonable change in circumstances (see, Matter of Brescia v Fitts, supra, at 139). The stipulation clearly indicated that maintenance would end in September of 1995, therefore the former wife had seven years notice of this eventuality, such that it cannot be deemed an unanticipated change in circumstances.

To the extent that the former wife contends that the children's needs will not be adequately met upon the cessation of maintenance, her general claims that the children's needs

have increased due to inflation and the fact that they are now teenagers are insufficient to warrant an upward modification of child support *(see, Matter of Bouille v Bouille,* 192 AD2d 802, 803; *Katz v Katz,* 188 AD2d 827, 828; *Caristo v Caristo,* 186 AD2d 619, 620; *Brevetti v Brevetti,* 182 AD2d 606, 607).

Further, where parties have entered into a stipulation which provided under what circumstances the former husband was to pay part of the costs for summer camp, and the stipulation was incorporated into but did not merge with the judgment of divorce, the stipulation is binding and strictly enforceable *(see, Straker v Straker,* 219 AD2d 707, 708; *Kromer v Kromer,* 177 AD2d 472). Under the instant stipulation the former husband was obligated to pay for one-half the cost of the children's fees at Mohawk Day Camp or "comparable camp" expenses, but this obligation ended when each child reached 15 years of age. Clearly, the former husband was not obligated to pay for his daughter's 1995 summer trip to study and tour in France, as this was not a "comparable camp" expense and the daughter had turned 15 in December 1994 *(see, Verasco v Verasco,* 225 AD2d 616). In connection with the son's summer camp expenses, the former husband did, in fact, pay $1,750 toward this expense and the former wife conceded that he was not required to pay more under the terms of the stipulation.

The denial of the former wife's application for counsel fees was not an improvident exercise of discretion *(see,* Domestic Relations Law § 237 [b]).

We have reviewed the former wife's remaining contentions and find them to be without merit. Miller, J. P., Ritter, Thompson and Copertino, JJ., concur.