■ STEVEN COHEN, Appellant, v SUSAN COHEN, Respondent. [672 NYS2d 125] —In a matrimonial action in which the parties were divorced by judgment entered July 9, 1993, the plaintiff former husband appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Nassau County (Franco, J.), dated December 2, 1996, which, after a hearing, *inter alia*, granted the defendant former wife's cross motion for an upward modification of child support, and awarded her child support arrears in the sum of $6,149 and counsel fees, and (2) an order of the same court, dated February 3, 1997, which, *inter alia*, granted those branches of the former wife's motion which were (a), in effect, for a declaration that she is entitled to certain tax credits arising from the payment of the mortgage and maintenance on the former marital residence, (b) for an income execution, and (c) to direct payment of child support directly to her.

Ordered that the order dated December 2, 1996, is modified by (1) deleting the provision thereof which granted that branch of the former wife's motion which was for an upward modifica-

tion of child support, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof awarding the former wife arrears in child support of $6,149, and substituting therefor a provision awarding her the sum of $3,500; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 3, 1997, is modified by (1) deleting the provision thereof which granted that branch of the former wife's motion which was, in effect, for a declaration that she is entitled to certain tax benefits arising from the payment of the mortgage and maintenance on the former marital residence, and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof which granted that branch of the former wife's motion which was for an income execution, and substituting therefor a provision denying that branch of the motion, and (3) deleting the provision thereof which directed that the former husband pay child support directly to the former wife; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

By a series of stipulations which were incorporated but not merged into the judgment of divorce, the parties settled various matters including, *inter alia*, issues of child support. This appeal concerns various efforts to modify or enforce the provisions of such stipulations.

The former wife sought and received an upward modification of the former husband's child support obligation based, *inter alia*, on changed circumstances, including the former husband's increased income. However, where, as here, the parties, both of whom were represented by counsel, entered into an agreement concerning child support, the agreement should not be disturbed absent a showing that the agreement was unfair or inequitable at the time that it was made, or that an "unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362; *Matter of Boden v Boden,* 42 NY2d 210, 213), or that the child is not receiving adequate support (*see, Matter of Brescia v Fitts,* 56 NY2d 132; *Rich v Rich,* 234 AD2d 354; *Norman B. v Joette B.,* 229 AD2d 412; *Patten v Patten,* 203 AD2d 441). Here, the former wife did not assert that the stipulation was not fair and equitable when entered into. Accordingly, because her proof did not demonstrate that there had been an unanticipated and unreasonable change in circumstances, an upward modification of the former husband's child support obligation should not have been granted (*see, Matter of Brescia v Fitts,*

*supra; Matter of Boden v Boden, supra; Rich v Rich, supra; Norman B. v Joette B., supra*). Consequently, the income execution which was awarded to the former wife based on the upward modification of child support must be vacated.

In addition, the court erred in directing the former husband to pay child support directly to the former wife from which the wife would pay the mortgage and maintenance on the former marital residence. The court further directed that the former wife was entitled to the tax credits arising from the payment of the mortgage and maintenance. Pursuant to a stipulation between the parties, as reflected in the judgment of divorce, the former husband, in lieu of direct payments of child support to the former wife, agreed to pay "a sum equal to the monthly maintenance and mortgage charges relating to the [marital apartment] * * * by directly paying the mortgage and maintenance payments to the mortgage bank * * * and the apartment corporation respectively". The stipulation further provided that the arrangement "shall not preclude the [former husband] from taking whatever deductions are allowed under applicable tax laws for mortgage, interest and real estate taxes in connection with the cooperative apartment". The former wife presented no grounds as to why this agreement should have been set aside (*see, Zwirn v Zwirn,* 153 AD2d 854; *Bossom v Bossom,* 141 AD2d 794).

Finally, the former husband established his entitlement to a credit of $2,530 based on his payment of the entire 1996 summer camp tuition for the parties' children. Pursuant to a stipulation between the parties, he was obligated to pay only one-half the cost. Accordingly, the award of arrears has been modified to reflect this credit.

The former husband's remaining contentions are without merit. Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.