■ In the Matter of FREDRIC ZENZ, Appellant, v LILA ZENZ, Respondent. [688 NYS2d 201] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Putnam County (Sweeny, J.), entered March 19, 1998, which denied his objections to an order of the same court (Winslow, H.E.), dated November 21, 1997, granting the mother's motion to dismiss his petition for modification of the child support provisions of a judgment of divorce.

Ordered that the order is affirmed, with costs.

The Family Court did not err in dismissing the father's petition to modify his child support obligation. The child support

amount was established in the parties' stipulation of settlement which was entered into in open court. The stipulation was subsequently incorporated into the parties' divorce judgment, but did not merge in it. Contrary to the father's contentions, nothing in the stipulation reveals an intention that a party could seek modification of the amount of the child support obligation without a showing of a change in circumstances. Indeed, a statement of the father's attorney during the reading of the stipulation on the record in the divorce action clearly shows that a party seeking the modification of the amount of the child support obligation would be required to demonstrate a change in circumstances. Moreover, Domestic Relations Law § 236 (B) (9) (b) requires proof of a change in circumstances in any child support modification proceeding (*see also, Cohen v Cohen,* 249 AD2d 499; *Howfield v Howfield,* 250 AD2d 573). Absent a clear intention to the contrary, that statutory requirement may not be dispensed with.

The father's petition was also insufficient on its face, since all the items set forth by him as constituting a change in circumstance either existed or could have been reasonably anticipated by the parties on the date the stipulation of settlement was entered into.

The Family Court also properly declined to declare the stipulation of settlement invalid as it lacked jurisdiction to do so (*see, Kleila v Kleila,* 50 NY2d 277; *see also, Matter of McKeown v Woessner,* 249 AD2d 396). Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.