■ FREDERICA DAREMA-ROGERS, Appellant, v DENNIS ROGERS, Respondent. [702 NYS2d 331] —In a matrimonial action in which the parties were divorced by judgment dated November 30, 1992, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), dated February 25, 1998, which denied her motion to modify the child support provisions contained in a stipulation entered into by the parties in open court on March 14, 1995, (2) so much of a judgment of the same court, dated May 12, 1998, as awarded her child support arrears from November 30, 1992, only in the sum of $3,542, and determined that the defendant was entitled to a credit in the sum of $10,000, plus interest, representing the amount owed to him from the sale of his interest in the former marital residence, and (3) so much of an order of the same court, dated May 13, 1998, as granted that branch of the defendant's motion which was to direct her to pay him the sum of $10,000, plus interest.

Ordered that the order dated February 25, 1998, is affirmed; and it is further,

Ordered that the order dated May 13, 1998, and the judgment are affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The parties were divorced by judgment dated November 30, 1992. The judgment, *inter alia*, awarded the plaintiff child support to be paid until the children's emancipation. On March 14, 1995, the parties entered into a stipulation providing, *inter alia*, that the older daughter would reside with the defendant, and the younger daughter would continue to reside with the plaintiff. On November 18, 1997, the plaintiff moved to modify the child support provisions agreed to in the stipulation based on a change in circumstances.

The court properly denied the plaintiff's motion to modify the child support provisions contained in the stipulation based on her failure to demonstrate that the support provisions were unfair or inequitable at the time that they were made, or that an "unanticipated and unreasonable change in circumstances had occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362; *see, Matter of Boden v Boden,* 42 NY2d 210, 213). The plaintiff also failed to show that she was not able to

adequately support the younger daughter, on whose behalf she was seeking support (*see, Matter of Brescia v Fitts,* 56 NY2d 132; *Rich v Rich,* 234 AD2d 354; *Norman B. v Joette B.,* 229 AD2d 412).

Pursuant to Domestic Relations Law § 236 (B) (7) (a), child support is to be awarded "*as of the date of application therefor,* and any retroactive amount of child support due shall be * * * paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary child support which has been paid" (emphasis supplied) (*see, Burns v Burns,* 84 NY2d 369, 377; *Verdrager v Verdrager,* 230 AD2d 786, 788-789; *Rodgers v Rodgers,* 98 AD2d 386, 390). Since the plaintiff made no demand for child support in the complaint or during the pendency of the divorce proceedings, the court did not err in awarding child support retroactive only to the date of the judgment of divorce.

The plaintiff's claim that the defendant is not entitled to a credit of $10,000, plus interest, representing an amount owed to the defendant from the sale to the plaintiff of his interest in the former marital residence was rejected by this Court in a prior appeal and cross appeal (*see, Darema-Rogers v Rogers,* 234 AD2d 334). That determination is law of the case (*see, Tobjy v Tobjy,* 173 AD2d 694; *Tolksdorf v Tolksdorf,* 106 AD2d 633). Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.