■ Robert J. Binette, Appellant, v Cheryl L. Binette-Acker, Respondent. [806 NYS2d 73]—

In a matrimonial action in which the parties were divorced by judgment dated April 29, 1997, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 18, 2004, which, after a hearing, granted that branch of the defendant's motion which was to enforce a provision of the parties' stipulation of settlement, which was incorporated but not merged into their divorce judgment, increasing his child support obligation.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the hearing court properly computed his child support obligation based on the terms of the parties' stipulation, the evidence adduced at the hearing, and the lack of any proof that the stipulation was unfair when executed or that its terms should not be applied because of an unanticipated and unreasonable change in circumstances (*see generally Matter of Davis v Davis,* 13 AD3d 623 [2004]; *Colyer v Colyer,* 309 AD2d 9, 14 [2003]; *Jaeger v Jaeger,* 260 AD2d 351 [1999]; *Cohen v Cohen,* 249 AD2d 499, 500 [1998]). Moreover, the court adequately set forth the basis for its determination so as to facilitate the exercise of intelligent judicial review (*see Matter of Cassano v Cassano,* 85 NY2d 649, 655 [1995]).

The plaintiff's remaining contention is without merit. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.