■ In the Matter of SHARON Y. BLACK, Respondent, v JAMES R. BLACK, Appellant. [635 NYS2d 785] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered July 26, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support, spousal support and arrears.

The parties were married in April 1980 and divorced in March 1994. Petitioner commenced this proceeding in December 1993 seeking child and spousal support, and a temporary order of support directing respondent to pay $50 per month was entered. A hearing subsequently was held at which both parties testified and petitioner submitted certain financial records. By amended decision dated June 16, 1994, the Hearing Examiner ordered respondent to pay child support for the parties' two minor children in the amount of $140 per week and spousal support in the amount of $1 per year for a period of five years, and established arrears at $3,360. Thereafter, by order entered July 26, 1994, Family Court denied respondent's objections to the Hearing Examiner's decision, and this appeal by respondent followed.

Respondent initially contends that the Hearing Examiner erred in not applying the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413) to determine the parties' respective support obligations. We agree. In accordance with the CSSA, Family Court is required to order the noncustodial parent to pay his or her pro rata share of the basic child support

obligation, unless the court determines that such share is unjust or inappropriate based upon a consideration of certain enumerated factors (*see*, Family Ct Act § 413 [1] [f], [g]; *Matter of Holmes v Holmes*, 184 AD2d 185, 187). If the court concludes that the noncustodial parent's pro rata share indeed is unjust, the court may award an appropriate amount of support but, in so doing, is required to set forth in its written order, *inter alia*, the reasons underlying the court's decision not to award the basic child support obligation (*see*, Family Ct Act § 413 [1] [g]). Here, neither the Hearing Examiner's decision nor Family Court's order makes any mention of, *inter alia*, the basic child support obligation or respondent's pro rata share thereof, and no explanation is offered as to why the CSSA was not applied in this instance. Accordingly, we must remit this matter to Family Court for a detailed explanation of the amount of support awarded and the methodology employed in arriving at that figure and, if necessary, a new hearing to determine the parties' respective financial resources and obligations and the children's needs (*see*, *Matter of Kerr v Bell*, 178 AD2d 1, 5-6).

As we are remitting this matter for further proceedings, a few additional points bear mentioning. First, the Hearing Examiner erred in finding that respondent was capable of earning not less than $9 or $10 per hour; at best, the record presently before us establishes that respondent could have secured employment at $5 per hour. Additionally, the Hearing Examiner erred in providing that petitioner could seek modification of the award of spousal support without showing the requisite substantial change in circumstances (*see generally*, *Matter of Pancaldo v Pancaldo*, 214 AD2d 879). Finally, in view of our remittal, it is apparent that the award of arrears will need to be recalculated as well.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.