■ In the Matter of MARILYN BALLARD, Appellant, v WILLIAM DAVIS, Respondent. [645 NYS2d 148] —Cardona, P. J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 9, 1995, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, seeking an upward modification of respondent's child support obligation.

The parties were married in 1978 and have two minor children, Nicolette Davis and Brooke Davis, born in 1980 and 1983, respectively. Petitioner and respondent executed a separation agreement in 1986 which required respondent to pay child sup-

port in the amount of $50 per week in biweekly payments. The separation agreement was incorporated, but not merged, into a subsequent divorce judgment.

In January 1995, petitioner commenced this proceeding pursuant to Family Court Act article 4 seeking an upward modification of respondent's support obligation. At the hearing, petitioner testified generally to the increased needs of the parties' growing children. Respondent testified that he had voluntarily increased his biweekly support payment to $128.50 and that he saved $60 per month for the children in custodial accounts. Further, it was established that respondent's gross income increased since the execution of the separation agreement from approximately $24,000 to $51,947.62 in 1994 and petitioner's gross income also increased from approximately $26,000 to $42,628.50. In addition, both parties had remarried to working spouses. The Hearing Examiner partially granted petitioner's application for an upward modification by raising the weekly support obligation to $125. Petitioner filed objections claiming that the Hearing Examiner erred in failing to apply the Child Support Standards Act (hereinafter CSSA) percentage for two children (*see*, Family Ct Act § 413 [1] [b] [3] [ii]), which, she asserted, would have resulted in a weekly child support obligation of $211.25. She also contended that the Hearing Examiner should have applied the CSSA formula to the parties' combined income over $80,000. Family Court denied petitioner's objections and this appeal followed.

As a preliminary matter, we note that respondent's failure to file "specific written objections to the Hearing Examiner's final order of support, as outlined in Family Court Act § 439 (e)" waives appellate review (*Matter of Menaldino [Aletha TT.] v Mark UU.*, 141 AD2d 265, 267; *see*, *Matter of Davidson v Wilner*, 214 AD2d 563; *Matter of Werner v Werner*, 130 AD2d 754) of the issue of whether petitioner adduced sufficient evidence at the hearing to warrant an upward modification of respondent's child support obligation contained in the parties' surviving separation agreement (*see*, *Merl v Merl*, 67 NY2d 359, 362; *Matter of Brescia v Fitts*, 56 NY2d 132, 138-140; *Matter of Boden v Boden*, 42 NY2d 210; *Matter of Strack v Strack*, 225 AD2d 872; *Matter of Demont v Demont*, 200 AD2d 920). Accordingly, our review is limited to whether the Hearing Examiner abused his discretion by choosing to deviate from the application of the CSSA percentage formula in fixing respondent's support obligation.

The Hearing Examiner's stated reasons for rejecting the formula as "unjust and inappropriate" were that "respondent

had become accustomed to a lifestyle based upon his present earnings and obligation. To increase that obligation by nearly 400% would work financial havoc on respondent." We find this record articulation, lacking factual specificity and unrelated to any of the statutorily required factors (*see*, Family Ct Act § 413 [1] [f]), insufficient to support the Hearing Examiner's exercise of discretion to deviate from the application of the statutory percentage to the parties' combined income (*see*, *Matter of Cassano v Cassano*, 85 NY2d 649; *Matter of Kerr v Bell*, 178 AD2d 1). Consequently, we must remit this matter to Family Court for elaboration of the factors supporting a determination to deviate from the statutory formula (*see*, Family Ct Act § 413 [1] [g]), if respondent's payment of the pro rata share of the basic child support obligation is unjust, together with an explanation of "the methodology employed in arriving at that figure" (*Matter of Black v Black*, 222 AD2d 996, 997).

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as set respondent's weekly child support obligation at $125; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.