■ In the Matter of CHARLES MAURER, Appellant, v KIM MAURER, Respondent. (And Another Related Proceeding.) [663 NYS2d 421] —Peters, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered February 20, 1996, which, in two proceedings pursuant to Family Court Act articles 4 and 6, inter alia, granted custody of the parties' child to respondent.

Seven months after the August 1991 birth of their daughter, Alyssa, the parties separated, in part due to petitioner's conviction of driving while intoxicated. They reconciled two months later. In September 1993, when his driver's license was revoked due to his second conviction of driving while intoxicated, petitioner moved into a second residence closer to his place of employment. Despite restoration of his driving privileges in May 1994, he did not return to the marital residence on a full-time basis.

In June 1994, respondent and the child moved in with the

maternal grandparents. Shortly thereafter, petitioner commenced this proceeding seeking, *inter alia*, joint custody of the child,[1] prompting respondent to cross-petition for sole custody and child support. Just about this time, respondent alleges that she was told by a third party that another woman had given birth to a child fathered by petitioner. It was then that respondent learned of petitioner's extramarital affair which had commenced shortly after he acquired his second residence.

At the initial appearance before Family Court (Sierbert, Jr., J.), a Law Guardian was appointed and psychological evaluations were ordered. The court also entered a temporary order of joint physical and legal custody (hereinafter the August 23, 1994 order). Thereafter, petitioner filed two violation petitions alleging that respondent failed to allow him equal custodial time. On October 12, 1994, Family Court (Ferradino, J.), in response to petitioner's request to specify each party's custodial times, orally modified the temporary order which had the effect of reducing petitioner's time. After transfer of this matter to Warren County, petitioner filed two more petitions seeking a vacatur of the modified temporary order.

A barrage of other petitions were filed thereafter by both sides raising numerous visitation issues, all ultimately heard in a five-day trial conducted between February 1995 and October 1995. After failed attempts at settlement, Family Court awarded sole custody of Alyssa to respondent with liberal visitation to petitioner and child support in the amount of $85 weekly. Petitioner appeals.

We find no error in Family Court's utilization of the "best interest" standard in determining custody between these two parents (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). The shared physical custody that petitioner enjoyed prior to the entry of the temporary order was an arrangement made of necessity pending the initial temporary order. It therefore never rose to the status of a voluntary agreement to which " '[p]riority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded' " (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 94, quoting *Matter of Nehra v Uhlar*, 43 NY2d 242, 251).

In reviewing the award of sole custody based upon the testimonial and documentary evidence, deference is accorded to Family Court's assessment (*see, e.g., Eschbach v Eschbach, supra; Matter of De Losh v De Losh*, 235 AD2d 851, *lv denied*

---

1. Petitioner also had court-ordered visitation with his son, Charlie, born approximately four years prior to Alyssa's birth and prior to his marriage to respondent.

89 NY2d 813) "unless [it] lack[s] a sound and substantial basis in the record" (*Matter of De Losh v De Losh, supra,* at 853). The record here shows the hostile and acrimonious relationship between these parties. Well before the trial, numerous family offense and modification petitions were already filed. As the parties herein were assessed by the Law Guardian and characterized by the court as "manifestly unable to set aside their personal differences for the good of [Alyssa]", we agree that an award of joint custody would have been inappropriate. In rendering this determination, we find no error in the consideration of the court-ordered psychological report. As to any further challenges to either this report, the qualifications of the evaluator or the Probation Department report, we have reviewed all contentions raised and find them without merit.

Similarly unavailing are those challenges to the modification of the temporary order and, as to the outstanding violation petitions, petitioner simply failed to sustain his burden (*see, Matter of Hoglund v Hoglund,* 234 AD2d 794). We further find no error in Family Court's characterization of some of the 32 witnesses proffered by petitioner as irrelevant or duplicative after the offer of proof, since it is clearly within the court's discretion to direct the manner in which the trial will be conducted (*see generally, Feldsberg v Nitschke,* 49 NY2d 636, 642-643; *Matter of Hover v Shear,* 232 AD2d 749, 750, *lv dismissed, lv denied* 89 NY2d 964). As to the requested disqualification of the Law Guardian, again we find that petitioner failed to present any viable evidence indicating a conflict of interest or a failure to diligently represent the child's best interest (*see, Matter of Zirkind v Zirkind,* 218 AD2d 745, 746).

Finally, regarding the award of child support, we find the issues raised either unpreserved for review (*see, Osborne v Schoenborn,* 216 AD2d 810) or without merit, with one exception; we agree that Family Court failed to sufficiently articulate petitioner's pro rata share of the basic child support obligation, why such amount would be "unjust or inappropriate," and how the alternative child support award was calculated (*see,* Family Ct Act § 413 [1] [g]; *Matter of Ballard v Davis,* 229 AD2d 705, 706-707; *Matter of Black v Black,* 222 AD2d 996, 996-997). Consequently, we must remit this matter to Family Court for the requisite specification.

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as set respondent's weekly child support obligation in the amount of $85; matter remitted to

the Family Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.[2]

---

**2.** As to the issues raised in petitioner's reply brief, urging this Court to disregard respondent's brief and appendix and award "costs and/or sanctions" pursuant to 22 NYCRR 800.9 (d), our records indicate that respondent was given a second extension by this Court. We must note, however, that despite assurances to communicate such second extension to petitioner, respondent's counsel apparently failed to do so.