■ In the Matter of MARILYN BALLARD, Appellant, v WILLIAM DAVIS, Respondent. [669 NYS2d 977] —Cardona, P. J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 31, 1997, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

Petitioner and respondent were married in 1978 and have two minor children, Nicolette and Brooke, born in 1980 and 1983, respectively. After their separation, the parties entered into a separation agreement providing, *inter alia*, that petitioner would have custody of the children and respondent would pay child support of $50 per week. This agreement was incorporated but not merged into the parties' subsequent judgment of divorce. Between 1988 and 1995, respondent voluntarily increased his support payments to $64.25 per week.

In January 1995, petitioner commenced this proceeding seeking an upward modification of child support. Following a hearing, a Hearing Examiner determined that it would be unjust and inappropriate to apply the guidelines set forth in the Child Support Standards Act (hereinafter the CSSA; *see,* Family Ct Act § 413) to the parties' combined income and, therefore, increased respondent's child support obligation to $125 per week, less than the amount mandated under the statutory formula. Family Court denied petitioner's objections and confirmed the Hearing Examiner's order. Upon appeal to this Court, we remitted the matter to Family Court "for elaboration of the factors supporting a determination to deviate from the statutory formula * * * together with an explanation of 'the methodology employed in arriving at [the $125] figure' " (*Matter of Ballard v Davis*, 229 AD2d 705, 707, quoting *Matter of Black v Black*, 222 AD2d 996, 997 [citation omitted]).

Upon remittal, the Hearing Examiner made additional findings of fact and concluded, relying upon Family Court Act § 413 (1) (f) (10), that the application of the CSSA formula would not leave respondent with sufficient funds, after the payment of child support, to pay his own reasonable living expenses and liabilities. Therefore, the Hearing Examiner ordered that the prior order increasing respondent's child support obligation to $125 per week remain in full force and effect. Family Court once again denied petitioner's objections and confirmed the Hearing Examiner's order. Petitioner appeals.

We reverse. In doing so, we first find it necessary to reiterate what we stated at the outset of our earlier decision, that is, the question of whether petitioner adduced sufficient evidence at the hearing to warrant an upward modification in the support terms of the parties' surviving separation agreement is not at issue, respondent having waived appellate review of it by failing to file specific written objections to the Hearing Examiner's original final order (*see,* Family Ct Act § 439 [e]). Therefore, the primary issue before us is whether there is support for the deviation in this record or whether the statutory formula must be applied.

It is settled law that the "[a]pplication of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of child support" (*Matter of Keay v Menda*, 210 AD2d 483). While deviation from the statutory formula contained in the CSSA is permissible where the court finds "that the non-custodial parent's pro-rata share of the basic child support obligation is unjust or inappropriate" (Family Ct Act § 413 [1] [f]), it is incumbent upon the court to specifically set forth the factors it considered in deviating from the formula (*see,* Family Ct Act § 413 [1] [g]; *Matter of Cassano v Cassano,* 85 NY2d 649, 653; *Matter of Ballard v Davis,* 229 AD2d 705, 707, *supra*). In this case, it appears that the Hearing Examiner premised his determination to deviate from the formula upon consideration of factors 1 and 10, "[t]he financial resources of the custodial and non-custodial parent" and "[a]ny other factors the court determines are relevant in each case" (Family Ct Act § 413 [1] [f] [1], [10]). As is evident from the Hearing Examiner's findings of fact, the predominant consideration for deviation from the statutory formula was the effect an increase in respondent's child support obligation would have upon his disposable income. Unfortunately, inadequate inquiry was made as to the reasonableness of respondent's living expenses. Upon this record, since the child support award of $125 per week bears no specific relation to the reasonable financial obligations of respondent, Family Court's reasoning for a deviation resulting in that support amount is fundamentally flawed. Therefore, the statutory formula must be applied. However, taking into consideration respondent's income, his continuing financial obligations and considering the accumulated retroactive support he will also be obligated to pay, we find that it would be unjust and inappropriate to apply the formula to the parties' excess combined income over $80,000 ($7,341.02), thereby precluding an additional support award.

Rather than remit the matter again to Family Court, however, we shall in the interest of judicial economy exercise our discretion to determine the appropriate child support award (*see, Chasin v Chasin,* 182 AD2d 862, 864; *LoMusico-Hamparian v Hamparian,* 137 AD2d 500, 501). We conclude that an increase in respondent's support obligation must be computed in accordance with the formula as follows: (1) respondent's income less FICA ($47,973.63) + petitioner's income less FICA ($39,367.39) = combined parental income ($87,341.02); (2) appropriate child support percentage (25%) x $80,000 = total child support obligation ($20,000); (3) respondent's income ($47,973.63) = 55% of combined parental income ($87,341.02); (4) 55% x total child support

obligation ($20,000) = respondent's child support obligation ($11,000 divided by 52 = $211.54) (*see,* Family Ct Act § 413 [1] [c]). This Court has been advised that while this appeal was pending an intervening order of Family Court entered January 9, 1998 calculated child support in the amount of $220.58 per week retroactive to April 7, 1997. Accordingly, this Court will only set child support to be effective until March 31, 1997.

Having modified the amount of respondent's support obligation, we must also compute accumulated retroactive support to January 5, 1995 (*see,* Family Ct Act § 440 [1] [a]). Crediting respondent with all payments made pursuant to the Hearing Examiner's $125 weekly order effective April 14, 1995, including the previous arrears ordered of $1,050, we fix total accumulated retroactive support through March 31, 1997 in the amount of $10,125.18 and, under the particular circumstances of this case, direct respondent to pay that sum in 10 annual installments of $1,012.52 on or before August 15th of each year commencing August 15, 1998, with the last installment due on or before August 15, 2007. We have considered petitioner's remaining claims, including petitioner's request for counsel fees and payment of support through the local Support Collection Unit, and find them to be without merit.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petition granted, and respondent is directed to pay child support arrears in the amount of $10,125.18, to be paid in 10 annual installments of $1,012.52 each on or before August 15th of each year commencing August 15, 1998, with the last installment due on or before August 15, 2007. [As amended by unpublished order entered July 16, 1998.]