■ In the Matter of ELEANOR PETKOVSEK, Appellant, v JOEL D. SNYDER, Respondent. (Appeal No. 5.) [675 NYS2d 571] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Petkovsek v Snyder* ([appeal No. 4] 251 AD2d 1086 [decided herewith]). (Appeal from Order of Supreme Court, Herkimer County, Gilbert, J.—Family Offense.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ In the Matter of ELEANOR PETKOVSEK, Appellant, v JOEL D. SNYDER, Respondent. (Appeal No. 6.) [674 NYS2d 211] —Order unanimously affirmed without costs. Memorandum: Petitioner's contention that Supreme Court erred in vacating a temporary custody order of Family Court without notice and a hearing is moot (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Supreme Court's order was stayed and a hearing was held on petitioner's request for modification of custody. Therefore, no controversy remains concerning whether one court may vacate the order of another court (*see, Matter of General Bldg. Contrs. v Egan*, 106 AD2d 688, 690, *lv denied* 65 NY2d 601).

Supreme Court did not abuse its discretion in denying petitioner's motion for recusal (*see, People v Moreno*, 70 NY2d 403, 405-406). The record does not disclose any evidence of bias or prejudice on the part of the court. Further, "[w]here, as here, there is no allegation that recusal is statutorily required (*see,* Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the Justice whose recusal is sought" (*Matter of Card v Siragusa*, 214 AD2d 1022, 1023).

We reject the contention of petitioner that the court erred by denying her request that the court interview the parties' child in camera. Although the court agreed to interview the child, petitioner refused to produce the child unless the interview was conducted in the presence of a third person chosen by petitioner. The court properly refused to conduct the interview on terms dictated by petitioner. We further note that the court interviewed the child as part of the original custody determination in January 1997.

The court did not improvidently exercise its discretion in denying petitioner's request to appoint a new Law Guardian. The record does not support petitioner's allegations that the

Law Guardian failed to diligently represent the best interests of the child or that he engaged in intentional misconduct (*see, Matter of Maurer v Maurer*, 243 AD2d 989; *Matter of Zirkind v Zirkind*, 218 AD2d 745, 746; *Matter of Paul C. v Tracy C.*, 209 AD2d 955).

We further reject the contention of petitioner that the court improperly dismissed her petitions seeking a change in custody without conducting fact-finding hearings. "A parent who seeks a change of custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing" (*Matter of Miller v Lee*, 225 AD2d 778, 779; *see, David W. v Julia W.*, 158 AD2d 1, 6-7). Petitioner failed to make that showing (*see, Matter of Miller v Lee, supra*, at 779; *Matter of Ann C. v Debra S.*, 221 AD2d 338; *Matter of Wolfer v Dame*, 207 AD2d 898, 899). (Appeal from Order of Supreme Court, Herkimer County, Gilbert, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.