■ In the Matter of MARILYN BALLARD, Appellant, v WILLIAM DAVIS, Respondent. [686 NYS2d 225] —Cardona, P. J. Appeal from an amended order of the Family Court of Delaware County (Estes, J.), entered January 9, 1998, which, *inter alia*, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of a prior child support order.

The parties, married in 1978 and subsequently divorced, have been before this Court on three prior occasions (*see, Matter of Ballard v Davis*, 248 AD2d 858, *lv denied* 92 NY2d 803; *Matter of Ballard v Davis*, 229 AD2d 705) stemming from petitioner's January 1995 application for an upward modification of respondent's weekly child support obligation for the parties' two children, born in 1980 and 1983. By decision rendered July 11, 1996 (*Matter of Ballard v Davis*, 229 AD2d 705, *supra*), we reversed Family Court's order entered June 9, 1995 which set respondent's weekly child support obligation at $125 and remitted the matter for further record articulation of the factors supporting Family Court's determination to deviate from the application of the statutory percentage to the parties' combined income (*see*, Family Ct Act § 413 [1] [g]). Upon remittal, the Hearing Examiner made some additional findings but adhered to the $125 weekly child support order. Family Court, by order entered March 31, 1997, denied petitioner's objections and confirmed the Hearing Examiner's order.

On April 7, 1997, petitioner commenced the instant proceeding seeking an upward modification of the March 31, 1997 or-

der based upon respondent's increased earnings and a decrease in her household income. Petitioner also sought a nunc pro tunc modification of the March 31, 1997 order, pursuant to Family Court Act § 451, claiming that respondent had concealed earned overtime income at the time of the original support hearing held on March 7, 1995. She also sought a direction that respondent pay his future child support through the Child Support Collection Unit and an award of counsel fees. Family Court modified its March 31, 1997 order in an order entered January 9, 1998.[1] The court increased respondent's weekly child support obligation to $220.58 retroactive to April 7, 1997, granted petitioner's request for the payment of future child support through the Child Support Collection Unit and denied her applications for a nunc pro tunc order and for counsel fees. Petitioner appeals.[2]

We turn first to petitioner's claim for a modification of the child support order nunc pro tunc to January 6, 1995. Under Family Court Act § 451, "[a] modification may increase support payments nunc pro tunc as of the date of the initial application for support based on newly discovered evidence." As newly discovered evidence, petitioner alleges that respondent substantially understated his actual income at the March 7, 1995 hearing because neither his 1994 W-2 form nor his financial disclosure affidavit reflected the amount of his overtime. Our examination of the record shows that at the March 7, 1995 hearing respondent stated that his overtime varied from year to year, but it does not appear that petitioner questioned him regarding the extent of earned overtime for 1994 or its availability in 1995. In any event, it is clear that upon remand, when the Hearing Examiner modified respondent's child support obligation upward to $220.58 per week, he considered respondent's 1994 overtime income of approximately $4,000 because he did not limit his calculation of respondent's income to regular earnings (less his Federal Insurance Contributions Act taxes [hereinafter FICA]) of $47,790.69, as

---

1. Petitioner also appealed the March 31, 1997 order to this Court. We reversed that order (*Matter of Ballard v Davis*, 248 AD2d 858), increased respondent's weekly child support obligation to $211.54 retroactive to January 5, 1995 and fixed child support arrears. After we learned of Family Court's January 9, 1998 order through a motion brought by petitioner for clarification, we amended our decision by limiting the effect of our order until March 31, 1997 (*see, Matter of Ballard v Davis*, 248 AD2d 858).

2. Respondent has not filed a notice of cross appeal. Therefore, his claim that Family Court erred in directing him to make his child support payments through the Child Support Collection Unit is not properly before us (*see, Hecht v City of New York*, 60 NY2d 57, 63; *Matter of Schulz v De Santis*, 218 AD2d 256, 261).

reflected in respondent's payroll verification dated January 17, 1995, but instead determined income for support purposes for that year to be $51,947.62.

As a further ground for the issuance of a nunc pro tunc order, petitioner claims that respondent failed to report some $13,000 in 1995 overtime during the Family Court proceeding following this Court's July 11, 1996 decision. During that proceeding, however, Family Court's focus was on our directive to reconsider its June 9, 1995 order in light of its failure to sufficiently elaborate the statutory factors supporting its exercise of discretion to deviate from the application of the percentage formula set forth in the Child Support Standards Act (hereinafter the CSSA). Family Court reconsidered the matter based upon the original record and it does not appear that petitioner requested the court to take further testimony or receive additional evidence concerning respondent's income at that time. In our view, petitioner's proof falls short of demonstrating respondent's concealment of overtime income during the March 7, 1995 hearing or subsequently during the proceedings in the summer of 1996 and, therefore, her request for a nunc pro tunc order was properly denied.

Next, we address petitioner's contention that Family Court incorrectly determined the combined earnings of the parties for the year 1996. The first step of the three-step statutory formula of the CSSA is the calculation of the parents' combined income (*see, Bast v Rossof,* 91 NY2d 723, 726; *Matter of Cassano v Cassano,* 85 NY2d 649, 653). Under the CSSA, a parent is required to include in "income" all income "as should have been or should be reported in the most recent federal tax return" (Family Ct Act § 413 [1] [b] [5] [i]) plus, "to the extent not already included in gross income * * * the amount of income or compensation voluntarily deferred" (Family Ct Act § 413 [1] [b] [5] [iii]), less "(FICA) taxes actually paid" (Family Ct Act § 413 [1] [b] [5] [vii] [H]).

In its calculation of the parties' income for 1996, Family Court neglected to add back their elective deferred compensation contributions of $1,184.94 for respondent and $1,450 for petitioner. Thus, respondent's income for 1996, as reported on his 1996 W-2 form from the State Power Authority (less his public employee retirement contributions) in the amount of $58,489.11, should have been increased by $1,184.94. That sum, $59,674.05, when added to his other compensation received from the State in the amount of $1,208.75, less FICA of $3,888.35, should have yielded a total income for child support purposes of $56,994.45. Similarly, petitioner's income (less

her teachers' retirement contributions) of $41,506.66 should have been increased by $1,540, less FICA of $2,752.25, for a total $40,289.41.[3] Based upon our recalculations, the correct combined parental income for 1996 should be $97,283.86. Multiplying that figure up to $80,000 by 25%—for two children—and allocating that amount between the parents according to their share of the total income, yields a pro rata child support obligation for respondent of $11,718 annually or $225.35 weekly.[4]

Our determination of the appropriate level of child support is not complete. Under the third step of the statutory formula, we must determine the amount of child support for the combined parental income in excess of $80,000, "through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]; *see, Bast v Rossof*, 91 NY2d 723, 727, *supra*; *Matter of Cassano v Cassano*, 85 NY2d 649, 653, *supra*). Here, combined parental income exceeds $80,000 by $17,283.86. The combined parental support obligation for the parties' excess income is $4,320.96. If the child support percentage is applied, respondent's pro rata share would be $2,531.65 annually, or an additional $48.68 weekly, which would raise his total pro rata support obligation to $14,249.56 annually, or $274.03 weekly, unless the record supports a finding that it is "unjust or inappropriate" based upon a consideration of the "paragraph (f)" factors (*see*, Family Ct Act § 413 [1] [f]). Relying upon the catch-all provision of Family Court Act § 413 (1) (f) (10), Family Court found that application of the child support percentage to the parties' combined income in excess of $80,000 would be unjust and inappropriate because it would leave respondent with insufficient funds to pay his own reasonable living expenses and liabilities. We cannot agree.

As noted by Family Court, respondent did not offer proof that his living expenses increased substantially since the March 7, 1995 hearing. Nor did he submit proof pursuant to the "paragraph (f)" factors (*see*, Family Ct Act § 413 [1] [f]) to

---

**3.** We reject petitioner's attempt to add back into respondent's income his public employee retirement contributions of $1,832.38. Since it appears that respondent's participation in the State Retirement System is mandatory, not elective (*see*, Retirement and Social Security Law §§ 40, 500 [b] [4]; 2 NYCRR 324.3, 324.4), his public employee retirement contributions are not included in calculating his income for support purposes under the CSSA (*see*, Family Ct Act § 413 [1] [b] [5] [iii]).

**4.** 25% × $80,000 = $20,000 combined parental child support obligation. $56,994.45/$97,283.86 = 58.59% × $20,000 = $11,718/52 = $225.35.

show that the application of the statutory percentage would be unjust or inappropriate. Moreover, our review of the evidence presented reveals that respondent has sufficient income to pay his total pro rata share of the basic child support obligation of $274.03 per week, the 10 annual installments of $1,012.52 for accumulated retroactive support previously ordered by this Court (*see, Matter of Ballard v Davis*, 248 AD2d 858, *supra*), the additional accumulated retroactive support, which we are obliged to fix today in the amount of $5,246.56, and still meet his financial obligations to his current household. In short, upon the proof submitted in this record, there is no basis in the record before us to depart from the application of the prescribed statutory percentage (*see, Matter of Cassano v Cassano*, 85 NY2d 649, 655, *supra*).

Accordingly, we increase respondent's total child support obligation to $274 (rounded to the nearest dollar) per week for the two children effective February 26, 1999, to be paid biweekly, and further direct that the additional accumulated retroactive support be paid in nine annual installments of $583 (rounded to the nearest dollar) on or before August 15th of each year commencing August 15, 1999, with the last installment due on or before August 15, 2007. Furthermore, in light of our recalculation of the parties' combined parental income, the parties' percentage shares of the children's future health care expenses must also be changed to reflect the correct percentages, namely, 58.59% for respondent and 41.41% for petitioner (*see*, Family Ct Act § 413 [1] [c] [5]).

Finally, we cannot say that Family Court abused its discretion by denying petitioner's application for counsel fees. Family Court Act § 438 (a) permits the court to award counsel fees in a proceeding to modify child support. "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case" (*De Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881). Here, the court was fully informed of the circumstances of the case and the parties' financial circumstances, including the impact of respondent's increased support obligations on his ability to pay and the absence of evidence regarding petitioner's inability to pay her own counsel fees. Accordingly, we perceive no abuse of its discretion in denying the award (*see, Matter of Kemenash v McIntyre*, 205 AD2d 898, 899).

We have considered petitioner's remaining contentions and find that they lack merit.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur.

Ordered that the amended order is modified, on the law and the facts, without costs, by reversing so much thereof as calculated respondent's child support obligation based upon a combined parental income in 1996 of $96,126.98; it is directed that (1) that the parties' combined parental income for the purposes of the Child Support Standards Act for the year 1996 is $97,283.86, $56,994.45 of which constitutes respondent's income, (2) effective February 26, 1999, respondent shall make biweekly payments of child support in the amount of $274 per week retroactive to April 7, 1997 and accumulated child support in the amount of $5,246.56, to be paid in nine annual installments of $583 on or before August 15th of each year commencing August 15, 1999, with the last installment due on or before August 15, 2007, and (3) the parties' proportionate share of health care expenses are determined to be 41.41% for petitioner and 58.59% for respondent; and, as so modified, affirmed.