■ In the Matter of PATRICIA MacCASLAND, Appellant, v ADAM MANDARA, Respondent. (Appeal No. 1.) [688 NYS2d 365] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Onondaga County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in failing to grant in part petitioner's objections to the Hearing Examiner's order that, *inter alia,* directed respondent to pay a portion of petitioner's child care expenses and an additional amount of child support. The Hearing Examiner ordered respondent to pay 70% of petitioner's child care expenses, which amounts to $59.42 per week using petitioner's 1996 child care expenses. Those expenses were not challenged by respondent. The Hearing Examiner's order, however, further specifies that respondent's share of petitioner's child care expenses is $41.69 per week. Both figures are made effective as of July 16, 1996, the date of the petition. We cannot on this record determine the intent of the Hearing Examiner or her reasoning.

With regard to child support, the Hearing Examiner properly

set forth the Child Support Standards Act (CSSA) calculation, which resulted in an obligation of $122.60 per week for respondent. The Hearing Examiner then noted several factors that, in her judgment, rendered the CSSA calculations "unjust or inappropriate" (Family Ct Act § 413 [1] [g]). Among those factors were the inflation of respondent's 1996 income by a one-time payment of over $10,000 in severance pay when respondent was laid off due to company downsizing, respondent's partial responsibility for some of the child's uncovered medical costs, and respondent's inability to claim the child as a tax exemption. After noting those factors, the Hearing Examiner set respondent's child support obligation at $89.50 per week without explaining the methodology in arriving at that figure. The court erred in denying petitioner's objections to the Hearing Examiner's order with regard to child support on the ground that the Hearing Examiner's awards are neither contrary to the weight of the evidence nor erroneous as a matter of law. The court could not determine whether the Hearing Examiner's child support award is against the weight of the evidence or erroneous as a matter of law without knowing how it was calculated.

We therefore modify the order by granting in part petitioner's objections to the order of the Hearing Examiner and vacating the amount of respondent's share of child care expenses and the amount of child support awarded, and we remit the matter to Onondaga County Family Court to determine those amounts and to explain the methodology employed in arriving at them (*see,* Family Ct Act § 413 [1] [g]; *Matter of Maurer v Maurer,* 243 AD2d 989, 991; *Matter of Ballard v Davis,* 229 AD2d 705, 706-707; *Matter of Black v Black,* 222 AD2d 996, 997). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Support.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.