■ In the Matter of Amy B.C., Respondent, v Lee A.A., Appellant. [826 NYS2d 534]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered June 8, 2005 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent's objections to an order of the Support Magistrate entered May 2, 2005.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting respondent's objections in part, denying petitioner's objections in their entirety, providing that respondent's child support obligation is $311 per week retroactive to May 1, 2003 and vacating the second ordering paragraph of the order entered May 2, 2005 and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order of Family Court denying his objections to an order of the Support Magistrate that, inter alia, determined respondent's child support and pro rata daycare obligations based upon the parties' 2003 incomes. In November 2002, the parties entered into a stipulation that was incorporated but not merged into an order of support entered November 20, 2002. Pursuant to the stipulation, respondent was to pay child support in the amount of $300 per week until May 1, 2003 and, by April 15, 2003, each party was to provide the other with a copy of his or her respective federal income tax return "so that the parties may recalculate child support pursuant to the New York State Child Support Stan-

dards Act, together with their proportionate shares of daycare costs and uninsured medical expenses incurred on behalf of the two children of the parties." In January 2004, petitioner brought the instant petition seeking modification of the order incorporating the parties' stipulation alleging both "annual review" and "a change of circumstances." In his decision dated July 12, 2004, the Support Magistrate concluded that petitioner was not entitled to an annual review of respondent's child support obligation under the terms of the stipulation and had not established a change of circumstances. The Support Magistrate further concluded, however, that, pursuant to the stipulation, the parties intended to recalculate respondent's child support obligation, effective May 1, 2003, based upon the parties' 2002 incomes. The Support Magistrate thus recalculated that obligation and ordered respondent to pay child support in the amount of $311 per week retroactive to May 1, 2003. The Support Magistrate did not modify respondent's obligation, as set forth in the stipulation, to pay 89% of daycare costs. Petitioner filed objections to the July 2004 order of the Support Magistrate and, by order entered September 16, 2004, the court granted petitioner's objections in part and remitted the matter for "recalculation of the current care support based on the parties['] 2003 income[s], retroactive to May 1, 2004, and recalculation of day care percentages based on the parties['] 2003 income[s]." In accordance with the court's order, the Support Magistrate issued a subsequent order resulting in the instant objections of respondent.

The court erred in granting in part petitioner's objections to the July 2004 order of the Support Magistrate and directing the Support Magistrate to use the 2003 incomes of the parties to recalculate respondent's child support and daycare obligations. We conclude that the decision of the Support Magistrate, dated July 12, 2004, properly determined that the stipulation does not provide for an annual review of respondent's child support obligation, that petitioner failed to establish a change in circumstances and that respondent's child support obligation is $311 per week retroactive to May 1, 2003, based upon the parties' 2002 incomes, as called for in the stipulation. We further conclude that the Support Magistrate properly declined to modify respondent's pro rata daycare obligation contained in the stipulation. We therefore modify the order accordingly. We reject respondent's contention with respect to the award of attorney's fees (*see generally Matter of Ballard v Davis*, 259 AD2d 881, 885 [1999], *lv denied* 94 NY2d 751 [1999]). Present—Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.